WILLIAM BASCHLEBEN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 20, 1900.*

CRIMINAL LAW—*statute begins to run against embezzlement from the
time offense is committed.* The statute requiring that a prosecution
for embezzlement shall be instituted within three years from the
commission of the offense, begins to run from the time the offense
is committed, and not from the time of its discovery. (*Weimer* v.
*People,* 186 Ill. 503, followed.)

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is a writ of error prosecuted out of this court for
the purpose of reviewing a judgment of conviction, en-
tered by the criminal court of Cook county against plain-
tiff in error for embezzling certain funds of Plattdeutsche
Gilde Fritz Reuter No. 4, an unincorporated benevolent
association of which the plaintiff in error was a member.
The indictment was found by the grand jury, and re-
turned into court on April 30, 1898. It contains eight
counts.

Some of these counts are under section 75 of the Criminal Code, which is as follows: "If any officer, agent, clerk, or servant of any incorporated company; or if a clerk, agent, servant or apprentice of any person or co-partnership, or society, embezzles or fraudulently converts to his own use, or takes and secretes with intent so to do, without the consent of his company, employer or master, any property of such company, employer, master, or another, which has come to his possession, or is under his care by virtue of such office or employment, he shall be deemed guilty of larceny." (1 Starr & Cur. Ann. Stat.—2d ed.—p. 1270).

Some of the counts appear also to have been framed under section 74 of the Criminal Code, which is as follows: "Whoever embezzles or fraudulently converts to his own use, or secretes, with intent to embezzle or fraudulently convert to his own use, money, goods or property delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny." (Ibid).

The Plattdeutsche Gilde Fritz Reuter No. 4 is a voluntary unincorporated society formed for the purpose of upholding the Low-German language, paying sick benefits, etc. Its officers are president, vice-president, corresponding secretary, financial secretary, treasurer, warden, watch and three trustees.

Articles 4 and 6 of its by-laws are as follows:

"Art. 4. It is the duty of the trustees to take care of all the gilde's property and to procure all things and materials which the gilde needs, for the price fixed by the gilde, except when the procuring thereof is delegated to a member or special committee; they shall enter all such articles when the same are turned over to the warden, immediately in the warden's book; and shall examine said book and said articles and make a report thereon at every quarterly meeting. At every quarter they shall receive from the treasurer, and take in charge all money

which is turned over to them, and invest the same in good security, and under no circumstances shall they loan out money on notes. As soon as they receive money back or have not invested anything, they shall at once report the money to the gilde, so that the same may be recorded. One trustee alone has not the right to invest money, but of this all three members shall have notice and at least two be satisfied. It is their duty to bring in a report of their proceedings at every first meeting in January and July. They shall give bond which shall be fixed according to the property of the gilde. They shall be reimbursed for expenses and shall receive a salary of not less than one dollar per year."

"Art. 6. Before the election of officers in the general meeting, the gilde shall fix the amount of the trustees' bond, as well as their salaries. The trustees shall give bonds for three years and one month, the financial secretary, treasurer and warden for thirteen months. As soon as one of the officers' term of office expires, and he has correctly delivered everything to his successor, then his bond shall be declared null and void and shall be filed with the papers of the gilde."

Plaintiff in error had been a member of this society since 1891, and after that time held several successive terms of office as trustee of said society. His last term of office expired on December 27, 1897, when his successor, William Moews, was elected, who qualified on January 10, 1898. While plaintiff in error was acting in this capacity, divers sums of money from time to time came into his hands. Some of the testimony tends to show that he received about $300.00 in 1891 or 1892, and he claims that the last money he received from the society was about 1895. He is uncertain whether he received $100.00 after 1895 or not. The records of the society show he received $150.00 on April 13, 1896, and $200.00 on July 13 of that year. He rendered reports from time to time to the society. The last of these reports, dated January 1, 1898,

contained an item showing that the plaintiff in error had then cash on hand to the amount of $311.29 belonging to the said society. This report is signed by the plaintiff in error and by the other two trustees of the society, and is endorsed as correct by the finance committee. A demand was made for the money in question on plaintiff in error by his successor in office in January, 1898, and again a month later, and plaintiff in error told his said successor that he had $311.29 belonging to the society.

J. HENRY KRAFT, for plaintiff in error.

E. C. AKIN, Attorney General, CHARLES S. DENEEN, State's Attorney, and JOHN R. NEWCOMER, (H. L. SOUTH-WORTH, of counsel,) for the People.

Per CURIAM: Section 3 of division 4 of the Criminal Code is as follows: "All indictments for other felonies" (except murder or manslaughter, arson or forgery) "must be found within three years next after the commission of the crime, except as otherwise provided by law." (1 Starr & Cur. Ann. Stat.—2d ed.—p. 1371). The present indictment was found on April 30, 1898, and, therefore, the three years began to run on April 30, 1895. Some of the evidence tends to show that the money, which plaintiff in error is charged with having embezzled, was converted to his own use before 1895, and some of the testimony tends to show that it was converted after 1895. It was for the jury to say, under all the evidence, whether or not the fraudulent embezzlement or conversion took place within the three years before the indictment was found, or before the beginning of said period of three years.

Upon this question the trial court of its own motion gave to the jury the following instruction, to-wit:

"The jury are instructed that the law of Illinois requires that a prosecution for the offense of embezzlement shall be begun within a period of three years after the

commission of such offense. This is what is meant by the 'Statute of Limitations.' This statute, however, does not begin to run until the discovery that the offense has been committed, or until the money charged to have been embezzled was demanded of the defendant by the person, corporation or society entitled to the possession of the same, and the failure or refusal of the defendant to deliver to such person, corporation or society the money which is in his possession, and which the evidence or admission of the defendant shows to be the property of such person, corporation or society."

The instruction, so given to the jury by the court of its own motion, is erroneous under the decision made by this court in the recent case of *Weimer* v. *People*, 186 Ill. 503. In *Weimer* v. *People, supra,* it was said: "The charge is, that the accused embezzled and fraudulently converted the moneys of the town to his own use. In such a case the statute would, of course, begin to run when the offense was committed, and not at some later time when he failed or refused to pay over to his successor on demand made." In that case it was further said: "The statute began to run against any embezzlement or fraudulent conversion when it was committed, and not when it was discovered, or made manifest by a failure to pay over on demand." Inasmuch as the instruction above quoted announces that the statute does not begin to run until the date of the discovery or demand, and inasmuch as it is held in *Weimer* v. *People, supra,* that the statute commences to run from the date of the commission of the offense, and not from the date of demand or discovery, the said instruction must be held to be bad.

For the error in giving the instruction as above quoted, the judgment is reversed and the cause is remanded to the criminal court of Cook county for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*