# WILLIAM SYNNOTT v. STATE.

No. A-6030.   Opinion Filed Oct. 29, 1927.
(260 Pac. 517.)

Thos. W. Mayfield, J. D. Grigsby, Jr., and J. D. Grigsby, Sr., for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cleveland county on a charge of embezzlement, and his punishment fixed at imprisonment in the state penitentiary for 2½ years.

The record discloses that defendant was appointed guardian for William Dixon, an incompetent, on November 26, 1920, and as such guardian received $1,330 of his

ward's money. He used these funds to purchase in his own name stock in the Norman Mercantile Company, of which company he was president, and in which he already owned a large part of the stock. This purchase of stock took place in December, 1920. The mercantile concern went into bankruptcy in February, 1924, while under the active supervision of defendant. The preliminary complaint was filed February 9, 1925, and the information was filed March 7, 1925. The information charges the embezzlement to have been on "the —— day of April, 1924." In March, 1924, defendant left Cleveland county and after some wandering settled in Chicago, where he was arrested and returned to Oklahoma. Defendant contends that the embezzlement, if any was committed, was completed at the time the ward's money was invested by defendant in his own name. The question was raised by a requested instruction for a directed verdict assigning the reason that, if the offense was committed as alleged, it was committed more than 3 years prior to the date of the filing of the complaint, and is barred by the statute of limitations.

At common law there was no limitation upon prosecutions in criminal cases; but a prosecution might be instituted at any time after the commission of a criminal act. Statutes have been generally enacted, however, limiting the time within which prosecutions for crime may be commenced. Limitations are legislative and not judicial, and statutes of limitations are to be given a liberal construction in favor of the accused and against the prosecution. 16 C. J. 222, § 340, note 51; State v. Fulkerson, 16 Okla. Cr. 250, 182 P. 725.

Sections 2441, 2442, and 2443, Comp. St. 1921, fix the time of limitation in criminal cases. They are as follows:

"2441. There is no limitation of the time within which a prosecution for murder must be commenced. It

may be commenced at any time after the death of the person killed.

"2442. In all other cases a prosecution for a public offense must be commenced within three years after its commission.

"2443. If when the offense is committed the defendant be out of the state, the prosecution may be commenced within the term herein limited after his coming within the state, and no time during which the defendant is not an inhabitant of or usually resident within the state, is part of the limitation."

The statute of limitation by its terms runs from the time the offense is committed until the prosecution is commenced. The only exceptions or condition which will interrupt the period of limitation in the above-quoted statute is in section 2443; i. e., absence from the state. Frequently statutes contain some condition providing the statute shall not be in operation where a defendant conceals himself or is absent from the state, or is a fugitive, or under the other named conditions. Unless the statute contains such exception, the existence of such conditions do not toll the statute. 16 C. J. p. 225, § 344; 8 R. C. L. 133, § 112; Weimer v. People, 186 Ill. 503, 58 N. E. 378; Baschleben v. People, 188 Ill. 261, 58 N. E. 946.

It occurs to us that it would be wise if the Legislature should enact an exception to the limitations above quoted, which should provide that the limitation should run not from the commission of the offense, but from the time of the discovery of the offense in case of embezzlement, larceny by fraud, some forms of forgery, and possibly some other offenses. That, however, is a matter for the Legislature, and not for the courts.

Under the record before us it is clearly apparent that the prosecution was not commenced for more than 3 years after the commission of the act constituting the offense, exclusive of any time defendant was out of the

state, and that the action was barred by the statute of limitations at the time the prosecution was instituted.

While we are reluctant to do so, we have no choice but to reverse the case, with instructions to dismiss.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.