WAYBRIGHT, ROGER J.,
Associate Judge (concurring) :
I concur in the opinion and judgment written by Judge Johnson for the court. The distinction between the factual situations discussed by Judge Johnson is well set forth in Glenn v. State,[4] in which the case of Synnott v. State[5] is distinguished. While there may well be difference of opinion as to whether the law ought to be as expressed in that case, the resolution of such differences of opinion is the province of the legislature rather than of this court; logic and precedent point to the answer reached by Judge Johnson, and I am not disturbed by the law as there set forth. The real, and disturbing, problem is one of fact: does the evidence in this case, as revealed by the record, establish that the appellant not only withdrew the funds from the estate bank account but also used the funds for his own purposes, more than two years before the information was filed against him? After some hesitation, I join in the view that the evidence so shows, since the evidence shows that he withdrew the funds from the estate bank account and deposited them in his own bank account to cover a check that he had earlier drawn on his own bank account. If the evidence further clearly showed that the check he had earlier drawn against his own bank account had been used to pay his own personal debt, or to make an investment in his own name, or to buy something for his own use, there would have been no initial hesitation on my part.

. Glenn v. State, 72 Okl.Cr. 165, 114 P.2d 192, 158 A.L.R. 1146, 1154-1157 (1941).

. Synnott v. State, 38 Okl.Cr. 281, 260 P. 517 (1927).