STATE OF CONNECTICUT *v.* BRIAN D. WHITEMAN
(13024)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and DUPONT, Js.

Argued May 1—decision released June 16, 1987

*Marcia B. Smith,* assistant state's attorney, with whom were *Maureen M. Keegan,* certified legal intern, and, on the brief, *John A. Connelly,* state's attorney, and *Bradford J. Ward,* assistant state's attorney, for the appellant (state).

*Kimball Haines Hunt,* with whom, on the brief, was *William J. Wholean,* for the appellee (defendant).

PETERS, C. J. This appeal requires us to determine the interrelationship between General Statutes § 53a-69,[1] which sets forth time limitations for the reporting of sexual assault claims, and General Statutes § 54-193 (b),[2] the generally applicable criminal statute of limitations. The defendant, Brian D. Whiteman, was charged by information with sexual assault in the first degree, in violation of General Statutes § 53a-70.[3] The defendant moved to dismiss the information, claiming that his prosecution was barred by § 54-193 (b). The trial court rendered judgment granting the motion to

---

[1] "[General Statutes] Sec. 53a-69. TIME LIMITATION FOR COMPLAINT. No prosecution may be instituted or maintained under this part unless the alleged offense was brought to the notice of public authority within one year of its occurrence or, where the alleged victim was less than sixteen years old or incompetent to make complaint, within one year after a parent, guardian or other competent person specially interested in the alleged victim learns of the offense."

[2] "[General Statutes (Rev. to 1981)] Sec. 54-193. LIMITATION OF PROSE-CUTIONS FOR VARIOUS OFFENSES. . . . (b) No person may be prosecuted for any offense, except a capital felony or a class A felony, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony or a class A felony, except within one year next after the offense has been committed."

[3] "[General Statutes (Rev. to 1981)] Sec. 53a-70. SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person.

"(b) Sexual assault in the first degree is a class B felony."

dismiss with prejudice on August 1, 1986. With the trial court's permission, the state appealed this judgment to the Appellate Court. This court subsequently transferred the appeal to itself. We affirm the judgment of the trial court.

The facts relevant to this appeal are undisputed. The sexual assault charge against the defendant was based on information provided to the Watertown police by the mother of the alleged victim. The mother told police that the defendant had sexually molested her daughter on or about February 18, 1981, when the child was six years old. The mother said that the child had first told her of the incident on January 20, 1986. Relying on this information, the state determined that it would prosecute the defendant for sexual assault in the first degree. Accordingly, the state sought a warrant for the defendant's arrest which was issued on February 28, 1986. The defendant was arrested on March 27, 1986.

Because the charging documents indicated that his prosecution had not been begun until more than five years after February 18, 1981, the defendant filed a motion to dismiss the information against him. The defendant alleged, and the trial court concluded, that his prosecution was barred by the provisions of the applicable statute of limitations, § 54-193 (b), under which "[n]o person may be prosecuted . . . except within five years next after the offense has been committed." The trial court rejected the contention of the state that § 53a-69 imposes a different time limitation for prosecution in sexual assault cases by effectively tolling the running of the § 54-193 (b) statute of limitations.[4]

---

[4] The state does not dispute the trial court's conclusion that, for purposes of calculating the period of limitations under General Statutes § 54-193 (b), the commencement of prosecution was the issuance of the warrant for the defendant's arrest. See *State* v. *Crawford,* 202 Conn. 443, 450–52, 521 A.2d 1034 (1987).

On appeal, the state reiterates its claim that the legislature's intent in enacting § 53a-69 was to create a special rule for sexual assault cases, under which the § 54-193 (b) statute of limitations does not begin to run until the notice requirements of § 53a-69 first have been met. Section 53a-69 mandates that prosecutions for sexual assault may ordinarily not be brought "unless the alleged offense was brought to the notice of public authority within one year after its occurrence." When, however, the alleged victim was less than sixteen years of age at the time of the assault, § 53a-69 permits prosecution within one year after a parent of the alleged victim learns of the offense. The state urges us to hold that a prosecution which comports with the one year notice provision of § 53a-69 is timely even though it does not comply with the five year time limitation of § 54-193 (b). Such a result follows, according to the state, from established principles of statutory construction, the legislative history of § 53a-69, and the public policy of protecting children. We disagree.

In defining the interrelationship between §§ 53a-69 and 54-193 (b), our goal is to "ascertain and give effect to the apparent intent of the legislature" in enacting that statute. *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986); *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986). A guiding principle of our inquiry is that criminal statutes, and in particular criminal statutes of limitation, should be strictly construed in favor of the accused. *State* v. *Paradise,* 189 Conn. 346, 352, 456 A.2d 305 (1983).

Although §§ 53a-69 and 54-193 (b) both restrict the state's power to prosecute crimes, the two statutes serve distinct purposes. Section 54-193 (b) limits the time period within which a crime may successfully be prosecuted, regardless of when law enforcement authorities receive notice of the criminal complaint which leads to prosecution. Section 53a-69, by contrast,

imposes a notice requirement on the state's ability to prosecute claims of sexual assault, by barring criminal actions in the absence of timely notice of a complaint to law enforcement authorities. The purpose of the § 53a-69 notice requirement, as the legislative history to the statute indicates, is to guard against prosecutions based on stale claims of sexual assault, and to prevent the possibility of blackmail. 19 H.R. Proc., Pt. 6, 1976 Sess., pp. 2289-91; Commission to Revise the Criminal Statutes, Penal Code Comments, Connecticut General Statutes, p. 28.

The state claims that, because § 53a-69 affords child victims of sexual assaults an extended period of time to give notice of criminal complaints, a similar period must be interpolated into the § 54-193 (b) statute of limitations to toll its operation until the victim reveals the offense to a proper party.[5] We are unpersuaded. The legislative history of § 53a-69 reveals that that statute was intended to impose *stricter* restrictions on the prosecution of sexual assault claims than those imposed on other crimes. See 19 S. Proc., Pt. 3, 1976 Sess., pp. 1101-38; 19 H.R. Proc., Pt. 6, 1976 Sess., pp. 2289-91, 2620-23. The fact that the legislature chose to relax some of these restrictions for a limited class of alleged victims does not evince a concomitant intention to toll the commencement of the limitation period for prosecution under § 54-193 (b). There is nothing in the legislative history of § 53a-69, moreover, to suggest that the legislature had such an intention.

The state maintains that the state's public policy of providing special protection to children requires us to

---

[5] Apparently, under the state's construction of General Statutes § 53a-69, the operation of General Statutes § 54-193 (b) would also be tolled when the alleged minor victim reaches the age of sixteen. We need not consider the validity of this construction because the alleged victim in this case was eleven years old at the time she informed her mother of the alleged incident. Furthermore, our ultimate conclusion in this case is that § 53a-69 does not toll the statute of limitations in § 54-193.

construe § 53a-69 as tolling the statute of limitations in cases involving alleged sexual assaults on minor victims. In areas where the legislature has spoken, however, the primary responsibility for formulating public policy must remain with the legislature. Absent any indication of the legislature's intention to extend the statute of limitations for cases involving alleged sexual assaults on children, we decline to do so. " 'It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words . . . . ' " (Citations omitted.) *Mozzochi* v. *Glastonbury,* 188 Conn. 276, 279, 449 A.2d 173 (1982).

We note, moreover, that the protection of children is not the only public policy implicated in this appeal. Statutes of limitations, like § 54-193 (b), further important policy interests by " 'foreclos[ing] the potential for *inaccuracy* and *unfairness* that stale evidence and dull memories may occasion in an unduly delayed trial.' (Emphasis in original.) *United States* v. *Levine,* 658 F.2d 113, 127 (3d Cir. 1981)." *State* v. *Coleman,* 202 Conn. 86, 91, 519 A.2d 1201 (1987). We have deemed these policies sufficiently significant to require the strict construction of statutes of limitations even in civil cases; see *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 584, 512 A.2d 893 (1986); *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 174–75, 127 A.2d 814 (1956). In a criminal case, where a defendant's liberty is at stake, the necessity for such a strict construction is even more compelling. Accordingly, we conclude that the trial court properly dismissed the information against the defendant because of the state's failure to commence prosecution within five years of the commission of the alleged offense, as required by § 54-193 (b).

There is no error.

In this opinion the other justices concurred.