[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISSOLVE MECHANICS LIEN
This is an action to foreclose a mechanics lien. The defendants have filed a motion to dissolve the mechanics lien. At oral argument, counsel were in agreement with the following facts.
On October 31, 1989, the plaintiff entered into a written contract to repair the roofs on two buildings located on one parcel of land in New Britain, Connecticut. The shorter building on the property known as 342 Arch Street contained four dwelling units. The taller building on the property known CT Page 717 as 352 Arch Street, New Britain, Connecticut contained six dwelling units in addition to some commercial uses in the building.
The repairs to the roofs were made. However, the defendants refused to pay for the repairs. The plaintiff filed a mechanics lien on the property of the defendants covering the land and two buildings at 342-352 Arch Street in New Britain.
The basis for the defendants' claim to dissolve the mechanics lien is that the written contract failed to comply with Conn. Gen. Stat. sec. 20-429, the Connecticut Home Improvement Statute. The plaintiff agrees that if the Home Improvement Statute applies, the contract is deficient, and the mechanics lien would be invalid. However, the plaintiff claims that since the total number of the dwelling units on the single parcel of land is ten units, the Home Improvement Statute does not apply. Since Conn. Gen Stat. sec. 20-419 (8) defines "private residence" as a multifamily dwelling consisting of not more than six units.
The defendants argue that the Home Improvement Act should be read to apply to individual buildings of six or less units and disregard whether or not the buildings are on the same parcel of land.
The issue in this case is whether the Home Improvement Act, Conn. Gen. Stat. sec. 20-418 et. seq., applies to any free standing building consisting of six or less dwelling units whether or not the free standing building is located on a single parcel of land.
Counsel for both parties have stated at oral argument that their research has produced no authority which would assist the court in deciding the issue in this case.
"In interpreting a statute the court must ascertain and give effect to the intent of the legislature. State v. White, 204 Conn. 410, 421, 528 A.2d 811 (1987); State v. Whitman, 204 Conn. 98, 191, 526 A.2d 869 (1987). `[T]he meaning of [a] statute must, in the first instance, be sought in the language in which the act is framed. . . .'" 2A J. Sutherland, Statutory Construction (4th Ed. Sands) Sec. 46.01, quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 917,61 L.Ed. 442 (1917). If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature . . . . Anderson v. Ludgin, 175 Conn. 545, 552,400 A.2d 712 (1978); Lamb v. Burns, 202 Conn. 158, 167,520 A.2d 190 (1987). Where the statute presents no ambiguity, we need look no further than the words themselves which we assume CT Page 718 express the intention of the legislature. Stitzeer v. Rinaldi's Restaurant, 211 Conn. 116, 118, 557 A.2d 1256 (1989); State v. Dolphin, 203 Conn. 506, 521, 525 A.2d 509 (1987); Rhodes v. Hartford, 201 Conn. 89, 93, 513 A.2d 124 (1986). When we are confronted, however, with ambiguity in a statute, we seek to ascertain the actual intent by looking to the words of the statute itself . . . the legislative history and circumstances surrounding the enactment of the statute . . . and the purpose the statute is to serve. Rhodes v. Hartford, supra; Phelps Dodge Copper Products Co. v. Groppo, 204 Conn. 122, 128,527 A.2d 672 (1987). White v. Burns, 213 Conn. 307, 311 (1990).
Subsection (4) of Sec. 20-419 defines "Home improvement" as repairs made to "any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place . . . or that portion thereof which is used or designed to be used as a private resident or dwelling place."
Subsection (5) of sec. 20-419 defines "Home improvement contract" as "an agreement between a contractor and an owner for the performance of a home improvement."
"Owner" is defined under subsection (6) of sec. 20-419
as "a person who owns or resides in a private residence and includes any agent thereof."
"Private resident" is defined in subsection (8) of sec. 20-419 to mean "a single family dwelling or a multifamily dwelling consisting of not more than six units."
The language in section 20-419 is clear that it applies only to repairs made to any land or building or portions of a building used for a private residence or dwelling. The limitation is also clear that the maximum number of dwelling units allowed, in order to qualify as a home improvement, is six units in a dwelling.
Chapter 400 of the General Statutes is entitle "Home Improvement Contractors." The basic purpose of this chapter is to provide a registration for contractors and salespersons involved in home improvements (sec. 20-420), and to require a written contract with an "owner" containing certain requirements for the protection of the owner (see sec. 20-429). See O'Donnell v. Rindfleisch, 13 Conn. App. 194, 201 (1988).
In looking at the scope and purpose of legislation, we must consider the problem in society with which the legislature was faced. Id. at p. 202. The legislative history of the Home Improvement Act was intended to protect home owners who CT Page 719 contract with contractors doing home improvements who may be irresponsible or "fly-by-night operations." Id. at p. 202-203.
The protection of the Home Improvement Act, being for the benefit of the consumer home owner, would not apply to a commercial operation. The limitation of sec. 20-419 (8) to a private residence or multifamily dwelling of no more than six units shows a legislative intent to protect only the residential home owner and not the business operator.
In the present case, the defendant owners own a parcel of land containing a total of ten units divided into two buildings of four units and six units. This situation places the defendants outside the protection of the Home Improvement Act because they are not the small-property owner protecting his or her residence, but rather the operators of a commercial venture controlling ten rentable units. A factor in this case which given credence to the proposition that the defendant owners are commercially involved rather than as a home owner is that the file shows the defendants to live at 53 Tall Timbers Drive in Farmington, Connecticut, whereas the property involved in this case is located at Arch Street in New Britain, Connecticut.
It would appear from a fair reading of the Home Improvement Act that the party intended to be protected was the home owner of a private residence who resided at that dwelling, and not to an absentee landlord. See sec. 20-419 (4), (6), (8).
Based upon the foregoing reasons, we conclude that the defendants' property of two free standing buildings located on the same parcel of land and containing a total of more than six residential dwelling units does not come within the protection of the Home Improvement Act.
Accordingly, the defendants' motion to dissolve the plaintiff's mechanics lien is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT