## STATE OF CONNECTICUT *v.* NELSON B.*

Superior Court, Judicial District of Stamford-Norwalk
File No. CR-020140434

Memorandum filed April 8, 2003

---

* Thus entitled in accordance with the spirit and intent of General Statutes § 54-142a.

*John F. Blawie*, senior assistant state's attorney, for the state.

*Ira Grudberg*, for the defendant.

HON. SAMUEL S. FREEDMAN, JUDGE TRIAL REFEREE. Nelson B., the defendant, moving pursuant to Practice Book § 41-8 (3), asks this court to dismiss this criminal action because it is barred by the statute of limitations set forth in General Statutes § 54-193. The parties submitted the case on a stipulation of facts and have fully briefed and argued the issue.

The actions leading to the prosecution of the defendant for larceny in the first degree and forgery in the second degree took place between March, 1994, and November, 1996. The stipulation sets forth that the defendant, a corporate officer, made in excess of $300,000 worth of unauthorized payments of corporate moneys to himself between November 17, 1994, and November 19, 1996. The arrest warrant was signed on March 25, 2002, and served on April 1, 2002. The warrant was executed approximately five years and four months after November, 1996.

Section 54-193, entitled "Limitation of prosecution for certain offenses," provides: "(a) There shall be no limitation of time within which a person may be prosecuted for a capital felony, a class A felony or a violation of section 53a-54d or 53a-169.

"(b) No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next after the offense has been committed.

"(c) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against such person at any time within such period, during which such person resides in this state, after the commission of the offense.

"(d) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

The state argues in support of its prosecution that the defendant was in a fiduciary relationship with the corporation in question and that he used that relationship to conceal his wrongdoing. Therefore, the state argues, the defendant should not be rewarded for his wrongdoing, and the court should find that the concealment continued after November, 1996, and equitably tolled the statute of limitations.

The defendant argues that establishing the statute of limitations is solely a legislative prerogative. He also states that because criminal statutes, including the statute of limitations, are strictly construed in favor of defendants, this court not only lacks the power to meet the state's request, but that no other court has ever done so in this context. Moreover, he also argues that the state's "fiduciary tolling" argument, when measured against Connecticut decisions on fiduciaries, cannot be justified by the stipulation.

I

The statute of limitations is peculiarly a child of legislative action. The court is, therefore, of necessity, concerned with the legislature's intent. This is not,

however, a case of what the legislation means.[1] The statute's meaning is not in question. It is a question of whether there are grounds to read into the statute of limitations things that the legislature did not see fit to include.

*State* v. *Whiteman*, 204 Conn. 98, 526 A.2d 869 (1987), appears to be controlling. "In areas where the legislature has spoken . . . the primary responsibility for formulating public policy must remain with the legislature. Absent any indication of the legislature's intention to extend the statute of limitations . . . we decline to do so. It is not the function of courts to read into clearly expressed legislation provisions which do not find expression in its words."[2] (Internal quotation marks omitted.) Id., 103.

It is instructive that subsection (c) of § 54-193 does have a tolling provision for cases of flight from this state. The legislature obviously considered the question of tolling the statute. Because the legislature did not apply the tolling subsection to fiduciary concealment as it did to flight, it just as obviously did not intend to do so.

In General Statutes § 52-595,[3] the legislature did provide for tolling the limitation period in civil fraudulent

---

[1] This matter has not been presented as an issue of statutory construction, and the court does not treat it as one. Nevertheless, the court has looked at the textual and extratextual sources set forth by our Supreme Court in *State* v. *Courchesne*, 262 Conn. 537, 816 A.2d 562 (2003). It has examined the legislative history and the holding in *State* v. *Whiteman*, 204 Conn. 98, 526 A.2d 869 (1987), which discusses the policy behind the statute. There is nothing in any of this that helps to advance the state's argument.

[2] The policies behind statutes of limitation are sufficiently significant to require strict construction of those statutes. This is particularly true of criminal statutes of limitation. *State* v. *Whiteman*, supra, 204 Conn. 101.

[3] General Statutes § 52-595 provides: "If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

concealment cases. Obviously, the legislature knew how to do it when it so intended. Just as obviously, because the legislature did not expand this doctrine to criminal cases, it quite clearly follows that it did not intend to apply it to criminal cases.

The statute in question has old and honorable roots. Subsection (c) of § 54-193 was formerly § 6713 of the 1918 statutory revision, which itself traces back to 1692. A review of the legislative history does not provide support for the state's position.

The state urges the court to hold that a prosecution is timely even despite its failure to comply with the five year time limitation of § 54-193 (b). The court is well satisfied that the legislature knew that it could—but chose not to—include a tolling provision in the statute for fiduciary concealment.[4]

## II

The state also urges the court to adopt and apply the principles of *State el rel. McClure* v. *Northrop*, 93 Conn. 558, 106 A. 504 (1919), to the present case. In *Northrop*, the court provided for an extension of the limitation period in a civil case for misappropriation of trust funds for the period the breach was undiscovered. It is a major principle of law that the legislature is presumed to know the existing law. "[W]hen the Legislature acts in a particular area, it does so with knowledge of and regard to the prior state of the law, including relevant decisions. . . . It is presumed to know the existing state of the case law in those areas in which it is legislating"; (internal quotation marks omitted); *State* v. *Dabkowski*, 199 Conn. 193, 201, 506 A.2d 118 (1986); "and the effect which its own action or nonaction may have

---

[1] The legislature is presumed to know the law; see *State* v. *Dabkowski*, 199 Conn. 193, 201, 506 A.2d 118 (1986); and that includes the existence of General Statutes § 52-595.

on [all existing statutes]." *State* v. *George B.*, 258 Conn. 779, 795, 785 A.2d 573 (2001).

Because the *Northrop* doctrine was spawned in 1919, the legislature has had more than ample opportunity to adopt its ruling in criminal cases. Tellingly, the legislature chose not to do so, even though it has done so for civil cases. The only reasonable conclusion is that it did not intend to do so. In fact, § 54-193 has been before it many times recently. It was before the legislature in 1976 and 1977, and again in 1980, 1986 and 2000. Clearly, the legislature chose not to apply the provisions of *Northrop* and § 52-595 to the provisions of § 54-193.

III

The law of other states appears to be in agreement. In *Synnott* v. *State*, 38 Okla. Cr. 281, 282, 260 P. 517 (1927), the court held that statutes of limitations "are legislative and not judicial, and statutes of limitations are to be given a liberal construction in favor of the accused . . . ." "Unless the statute contains such exception, the existence of such conditions do not toll the statute." Id., 283, citing *Weimer* v. *People*, 186 Ill. 503, 58 N.E. 378 (1900).

In *State* v. *Palmer*, 248 Kan. 681, 682, 810 P.2d 734 (1991), the Kansas Supreme Court construed a statute with a concealment exception. It held that statutes of limitation are to be construed liberally in favor of the accused and that "[e]xceptions to the statute are to be construed narrowly or strictly against the State." Id. "Unless the statute of limitations contains an exception or condition that will toll its operation, the running of the statute is not interrupted." (Internal quotation marks omitted.) Id. Moreover, the court held that even when there is a specific statutory exception for concealment, "to suspend the operation of the statute the concealment of the fact of a crime must be the result of positive acts done by the accused and calculated to

prevent discovery; mere silence, inaction or nondisclosure is not concealment." (Internal quotation marks omitted.) Id. Clearly, for concealment, the court required positive, affirmative acts.

The Florida courts appear to be in agreement. See *Rouse* v. *State*, 44 Fla. 148, 32 So. 784 (1902); see also 21 Am. Jur. 2d 353, Criminal Law § 299 (1998).

Even if this court adopted the state's position, the stipulation does not set forth sufficient positive acts of concealment, nor does it reasonably set forth a case of concealment.

## IV

In a sense, the state is preaching to the choir. The court holds little patience for those who defraud others in a corporate setting, and would have no difficulty sentencing after a conviction, if the statute of limitations were not an issue. Nevertheless, the legislature and the Supreme Court have set forth guidelines the court must follow and, unfortunately, they do not help the state's case.

In fact, the state appears to be preaching to the wrong choir. Its remedy lies with the General Assembly, not the courts. It would not be unreasonable to ask the legislature to change the criminal statute of limitations for similar cases of larceny and forgery.

The state is asking this court to rewrite legislation. The court finds no basis in authority to permit it to do so.

Absent an indication of the legislature's intent to extend the statute of limitations, the court must decline to adopt the state's position and grant the defendant's motion.

The motion to dismiss is granted.