[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The record indicates that notice of the Commission's approval of the site plan and special permit for the new hospital, and amendment of §§ 6-113, 6-205 and 6-158 of the Regulations, was to be published in the Greenwich Time on July 3, 1995. (Return of Record [ROR], Items 57 and 58.) On July 21, 1995, the plaintiff served process on the defendant, Greenwich Hospital Association (Hospital), by service upon Andrew Schultz, general counsel for the CT Page 31 Hospital, and on the Commission, by service upon Carmella Budkins, Town Clerk for the Town of Greenwich and Peter Joyce, Chairman of the Commission. (Sheriff's Return.) On July 27, 1995, the plaintiff served process upon John Freeman, the agent for service for the Hospital. (Sheriff's Return.) The plaintiff filed a summons, appeal, recognizance and citation on July 31, 1995. The Hospital filed its answer on August 17, 1995, and the return of record on August 2, 1995.[1] The Commission filed its answer on September 13, 1995. On August 24, 1995, the plaintiff filed his brief. On September 6, 1995, the Hospital and Commission filed their briefs.
In his complaint, the plaintiff alleges that the Commission approved the Hospital's application for "Special Permit/Site Plan #1754" which will allow the destruction of certain buildings and the construction of "more massive new building(s)," and the amendments to §§ 6-113, 6-158 and 6-205 of the Regulations. The plaintiff alleges that he is "aggrieved" by the Commission's decisions because the proposed construction will cause detriment to the residential character of the existing neighborhood, and will "conflict with the Town Plan" and other regulations and statutes; and adversely affect the plaintiff's property; the defendants failed to give notice of the applications to all "necessary parties;" the decisions of the Commission facilitate "spot zoning;" and the decisions "deprive the plaintiff of important property rights without adequate compensation or due process of law."
The plaintiff further claims that in granting the applications, the Commission acted illegally, arbitrarily and in abuse of its discretion, in that: Commissioner Elizabeth Swan Grant participated in the meeting approving the applications "although she was disqualified by Section 8-11 of the Connecticut General Statutes as an interested party due to an indirect interest in that her late husband John Barrett Grant was a former President of the applicant Greenwich Hospital Board of Trustees and was an Honorary Trustee of the same at the time of his death on November 21, 1995;" the Hospital failed to notify all "necessary parties" of the applications.
Jurisdiction
In order to take advantage of a statutory right to appeal from a decision of a local zoning board, there must be strict compliance with the statutory provisions that create the right. Simko v.Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). CT Page 32 These provisions are mandatory and jurisdictional, accordingly, the failure to comply subjects the appeal to dismissal. Id.
Aggrievement
General Statutes § 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court . . . ." "Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." New England Rehabilitation Hospital, Inc. v. CHHC,226 Conn. 105, 120, 627 A.2d 1257 (1993). "The burden of demonstrating aggrievement rests with the plaintiff." Id., 301. At the hearing on September 19, 1995, the parties stipulated that the plaintiff is the owner of the property located at 33 Division Street, Greenwich, Connecticut, and that this property is within 100 feet of the site plan property. (Transcript [Tr.], 38.) Accordingly, the plaintiff is statutorily aggrieved.
Timeliness
General Statutes § 8-8(b) requires that the "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." In the event that an appeal is not timely filed in accordance with § 8-8(b), the court lacks subject matter jurisdiction over the appeal. Cardoza v. Zoning Commission,211 Conn. 78, 81-81, 557 A.2d 545 (1989).
It is submitted that the exact date of the publication of the notice of the Commission's approval of the site plan and special permit for the new hospital, and amendment of the Regulations is not clear. In his complaint, the plaintiff merely alleges that "notice of said decision(s) was duly published in a newspaper, " however, the date of publication is not alleged. The record indicates that notice of these acts by the Commission was "[t]o [b]e [p]ublished" in the Greenwich Time on July 3, 1995. (ROR, Items 57, 58 and 59.) Process was served on all defendants on July 21, 1995 and July 27, 1995, as indicated above. Therefore the plaintiff's appeal may not be timely, and as a result, this court's jurisdiction over this action is unclear. Nevertheless, the appeal is dismissed on the merits.
SCOPE OF JUDICIAL REVIEW
CT Page 33
"`In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal . . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision . . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is a factual support for the board's decision, not for the contentions of the applicant.'"Francini v. Zoning Board of Appeals, 228 Conn. 785, 791,639 A.2d 519 (1994). "The question is not whether the trial court would have reached the same conclusion but whether the record supports the decision reached." Burnham v. Planning Zoning Commission,189 Conn. 261, 265, 455 A.2d 339 (1983).
"`Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations . . . . Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision." (Citation omitted.) Caserta v. Zoning Board of Appeals, 226 Conn. 80, 86-87,626 A.2d 744 (1993). "An administrative appeal shall be confined to the record." (Internal quotation marks omitted.) Blaker v.Planning Zoning Commission, 219 Conn. 139, 146, 592 A.2d 155
(1991). The court must determine whether the conclusions reached by the agency are supported by the record. Primerica v. Planning Zoning Commission, 211 Conn. 85, 96, 558 A.2d 646 (1989).
1. Disqualification
The plaintiff argues that the Commission's approval of the special permit/site plan and amendments to the Regulations is not valid because commission member Elizabeth Swan Grant should have been disqualified from participating in the hearing or decisions regarding the new hospital pursuant to § 8-11. Specifically, the plaintiff claims that Ms. Grant participated in the hearing on the applications and amendments now appealed, and voted in their favor, even though she had an indirect personal interest in the matter as the widow of John Barrett Grant, who was formerly President of the Hospital's Board of Trustees and was an Honorary Trustee at the time of his death. CT Page 34
The defendants argue that the plaintiff has waived this claim of disqualification because he knew at the time of the hearing that Ms. Grant's deceased husband was a trustee and did not raise this claim. In any event, the defendants argue that no conflict existed which would have required Ms. Grant to be disqualified.
General Statutes § 8-11 provides in pertinent part that "[n]o member of any zoning commission . . . shall participate in the hearing or decision of the . . . commission of which he is a member upon any matter in which he is directly or indirectly interested in a personal or financial sense . . . ."
In Anderson v. Zoning Commission, 157 Conn. 285, 289-91,253 A.2d 16 (1968), the court stated that "[it] is a well-established principle in our state that a zoning official may not use his own, official power to further his own interests . . . . A public official owes an undivided duty to the public whom he serves, and he is not permitted to place himself in a position which would subject him to conflicting duties or expose him to the temptation of acting in any manner other than in the best interest of the public . . . . Section 8-11 . . . forbids a member of a zoning commission . . . from participating in any matter in which he has a personal interest in the outcome . . . . A personal interest is either an interest in the subject matter or a relationship with the parties before the zoning authority impairing the impartiality expected to characterize each member of the zoning authority. A personal interest can take the form of favoritism toward one party or hostility toward the opposing party; it is a personal bias or prejudice which imperils the openmindedness and sense of fairness which a zoning official in our state is required to possess." (Citations omitted.)
The court further recognized that "[l]ocal governments would, however, be seriously handicapped if any conceivable interest, no matter how remote and speculative, would require the disqualification of a zoning official . . . . courts should scrutinize the circumstances with great care and should condemn anything which indicates the likelihood of corruption or favoritism. They must, however, also be mindful that to abrogate a municipal action on the basis that some remote and nebulous interest may be present would be to deprive unjustifiably a municipality, in many important instances, of the services of its . . . officials . . . . The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one CT Page 35 and depends on the circumstances of the particular case." Id., 291. See also Fletcher v. Planning Zoning Commission,158 Conn. 497, 506, 264 A.2d 566 (1969). "The test is not whether the personal interest does conflict but whether it reasonably might conflict." Petrowski v. Norwich Free Academy, 199 Conn. 231, 241,506 A.2d 139 (1986). "[A] charge of bias must be supported by some evidence proving probability of bias before an official can be faulted." Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525, 536-37, 525 A.2d 940 (1987).
In Floch v. Planning Zoning Commission,10 Conn. L. Rptr. 235 (October 14, 1993, Fuller, J.), aff'd,33 Conn. App. 171, 634 A.2d 912 (1995), the plaintiff claimed, as a ground for appeal, that a commission member had a conflict of interest in that her husband was a member of the applicant Parks and Recreation Commission when its application was heard and decided by the Planning and Zoning Commission. The commission member's husband "did not participate either individually or as a member of the Parks and Recreation Commission when the application was before the Planning Zoning Commission." Id., 236. The court sustained the appeal on other grounds, and with regard to conflict of interest, held that "[t]he application here involved the town's property, and there is no indication that [commission member] Carla Rea had any interest other than representing the public interest in voting for the application. The cases finding conflict of interest based upon a relationship between a commission member and a relative involve situations where the relative was either an applicant, owned property in the vicinity of the land involved in the application, or there was an interest which might confer a personal or financial benefit upon the relative. None of those situations exist here." Id.
Moreover, "[t]he failure to raise a claim of disqualification with reasonable promptness after learning the ground for such a claim ordinarily constitutes a waiver thereof . . . ." (Citations omitted.) Henderson v. Department of Motor Vehicles, 202 Conn. 453,462, 521 A.2d 1034 (1987). The Connecticut Supreme Court has made it clear that it will "not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." (Internal quotation marks omitted.) Id., 462.
In the present case, the plaintiff has stated that he did not raise his concerns about Ms. Swan's participation in the CT Page 36 Commission's decision regarding the special permit/site plan and amendments at the hearing on June 27, 1995. (Tr. 52, 55.) (ROR, Item 53.) The plaintiff does not allege any financial interest on the part of Ms. Swan, nor is there any evidence that any financial benefit will be conferred upon Ms. Swan by the construction of the new hospital. The plaintiff merely claims that Ms. Swan's husband was formerly President of the Hospital's Board of Trustees and was an Honorary Trustee at the time of his death.[2] The Hospital's application for the special permit/site plan approval and the petition to amend the Regulations were dated May 15, 1995. (ROR, Items 13, 15, 19.) The hearing at which the application and amendments were approved was held on June 27, 1995. (ROR, Items 54, 55, 60, 61.) Accordingly, the Commission's consideration of the Hospital's applications occurred well after Mr. Swan's death, and any possible involvement he might have in the Hospital's affairs. Moreover, there is no evidence that Ms. Swan had "any interest other than representing the public interest in voting for the application." See Floch v. Planning Zoning Commission, supra, 10 Conn. L. Rptr. 236. Therefore, the plaintiff's appeal is dismissed on the ground that Ms. Swan should have been disqualified.
2. Notice
The plaintiff further argues that the Commission's decision is invalid because it failed to notify all necessary parties of the Hospital's applications, as required by General Statutes § 8-3 and § 6-14(a)(3) of the Regulations. Specifically, the plaintiff argues that Bernadette Muskus and Mary Wood were not properly notified, although they "were at all relevant times abutting landowners and/or owners of land within 100 feet of the land involved in the decision." The plaintiff claims that, as a result, the pool individuals who might have objected to the Hospital's applications was diminished.
Section 8-3(a) provides in pertinent part that the "zoning commission shall provide for the manner in which regulations under section 8-2 and the boundaries of zoning districts shall bell respectively established or changed. No such regulation or boundary shall become effective or be established or changed until after a public hearing . . . . Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper . . . . In addition to such notice, such zoning commission may, by regulation, provide for notice by mail to persons who are owners of land which is included in or adjacent to CT Page 37 the land which is the subject of the hearing . . . ." Section 6-14(a)(3) of the Regulations requires "[a]n affidavit certifying that all abutting property owners have been notified by mail about said application prior to public review by any Town agency. Owners of lots, or portions of lots, which are across a public or private street shall be deemed to be abutting property owners." (ROR, Item 66.)
In Lauer v. Zoning Commission, 220 Conn. 455, 459, 600 A.2d 310
(1991), the plaintiff claimed that the commission lacked subject matter jurisdiction over the application for a special permit due to the failure to give notice to the town of Bethel pursuant to § 8-3h, which required a zoning commission to notify the clerk of an adjoining town of the pendency of certain applications by registered mail. The court recognized the difference between the statutorily required published notice to the general public and the statutorily required personal notice to specific individuals, and stated that "[w]e have long held that failure to give newspaper notice is subject matter jurisdictional defect . . . and that subject matter jurisdiction cannot be waived or conferred by consent . . . . We have also long held, however, that failure to give personal notice to a specific individual is not a jurisdictional defect . . . and that lack of personal notice may be waived by the party entitled to it." (Citations omitted; internal quotation marks omitted.) Id., 461-62. The court then held that § 8-3h provided for personal notice to adjoining municipalities, and did not involve the subject matter jurisdiction of the court. Id., 465. The court further concluded that "the plaintiff was not entitled to raise as an issue the failure to comply with the statute's terms. This plaintiff was no more entitled to raise noncompliance with §8-3h than he would have been entitled to complain of a failure to give personal notice to a neighbor of his who was statutorily aggrieved. Furthermore, we have consistently held that [l]ack of personal notice may be waived by the party entitled to it . . . . Since the town of Bethel was the only entity entitled to waive personal notice under § 8-3h, it follows that only follows that only the town of Bethel would be entitled to raise noncompliance with § 8-3h as an issue." (Citation omitted; emphasis added; footnote omitted; internal quotation marks omitted.) Id.
The plaintiff in the present case does not claim that he, himself, did not receive notice of the hearing. In fact, the plaintiff testified that he attended the hearing on June 27, CT Page 38 1995. (Tr. 39-40.) The plaintiff also does not allege that the Commission did not give the proper newspaper notice of the hearing. The plaintiff simply claims that the May 15, 1995 and June 5, 1995 affidavits of Attorney Freeman establish that Ms. Wood and Ms. Muskus were not notified by mail of the hearing. (ROR, Items 17 and 32.) However, the notification by mail required by § 6-14(a)(3) is personal notice which may be waived by the party entitled to it, and which does not affect the subject matter jurisdiction of the court. Id., 461-62. Ms. Muskus and Ms. Wood, the individuals that the plaintiff claims did not receive personal notice, are the only parties entitled to waive personal notice or raise the issue of the failure to provide notice pursuant to § 6-14(a)(3). Id., 465. Accordingly, the plaintiff's appeal is dismissed on the ground of failure to provide notice.
3. Other Claims
The plaintiff further alleges, in his appeal, that the Commission acted illegally, arbitrarily and in abuse of its discretion by approving the special permit/site plan and amendments to the Regulations in that the proposed construction will cause to the Regulations in that the proposed construction will cause detriment to the residential character of the existing neighborhood, will conflict with the Town Plan and other regulations and statutes, and will facilitate "spot zoning."
The plaintiff has failed, however, to brief these issues. "Assignments of error which are merely mentioned but are not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed . . . ." State v. Ramsundar, 204 Conn. 4,16, 526 A.2d 1311, cert. denied, 484 U.S. 955, 108 S.Ct. 348
(1987), quoting Hayes v. Smith, 194 Conn. 52, 66 n. 12, 480 A.2d 425
(1984). Therefore, it is not necessary for the court to consider the plaintiff's additional claims of error.
For the reasons discussed above, the plaintiff's appeal is dismissed.
Karazin, J.