[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER DEFENDANT'S MOTION TO DISMISS BASEDUPON ALLEGED DENIAL OF SPEEDY TRIAL RIGHT SHOULD BE GRANTED WHERE SEPARATEMOTION FOR SPEEDY TRIAL WAS NOT FILED PRIOR THERETO; AND WHETHER THEDEFENDANTS HAVE SHOWN PREJUDICE
On June 11, 1991, the defendants, John Ahern, Lawrence Brophy, Thomas Santa Barbara, and Frank Perotti, Jr., were arrested for various housing code violations existing at property located at 278 Main Street, West Haven, Connecticut. The defendants own the property under a general partnership known as Brophy Ahern Development. The property consists of multi-family dwelling units which were found to be in violation of the Connecticut Fire Safety Code. The offenses for which the defendants were arrested constitute misdemeanors. See General Statutes § 53a-26(a) and § 29-295.[1]
On April 7, 1995, the defendants filed a motion to dismiss and a memorandum in support thereof.[2] The defendants move to dismiss the charges against them on the ground that they were denied their right to a speedy trial under General Statutes § 54-82m; the Connecticut Constitution, article first, § 8, the sixth amendment to the United States Constitution, and on the ground that they were denied due process of law under the fourteenth amendment to the U.S. Constitution, as a result of both pre-arrest and post-arrest delay in prosecuting this action. A hearing was held on the defendants' motion on November 30, 1995.
I. PreArrest Delay.
The defendants move to dismiss the charges against them on the ground that the statute of limitations for bringing the charges had passed at the time of their arrest. The defendants also move to dismiss this action on the ground that their right to a speedy trial under the sixth amendment to the U.S. Constitution and their right to due process under the fourteenth amendment to the U.S. Constitution was violated.[3]
 A. Statute of Limitations.
The defendants argue that the claims against them are time-barred under General Statutes § 54-193 (b). General Statutes § 54-193
is "the main defense to extraordinary delays in bringing an CT Page 1436 accusation." J. Bruckman, G. Nash J. Katz, Connecticut Criminal Caselaw Handbook (1989) p. 162. "[O]rdinarily the statute of limitations is the only protection afforded a defendant against the institution of stale criminal charges." State v. Littlejohn,199 Conn. 631, 646, 508 A.2d 1376 (1987). The statute, however, is "an affirmative defense which must be proved by the defendant by a preponderance of the evidence." State v. Coleman, 202 Conn. 86,90, 521 A.2d 1034 (1987); State v. Figueroa, 235 Conn. 145, 177-78,665 A.2d 63 (1995). It is not a jurisdictional bar to prosecution.State v. Coleman, supra, 90. "An affirmative defense is presented in the orderly course of a criminal trial after the prosecution has presented its case-in-chief." Id., 91.
The defendants in the present action raise the statute of limitations defense as a ground for their motion to dismiss. Practice Book § 815 permits defendants to raise such a defense in a motion to dismiss.[4] In State v. Parsons, 28 Conn. App. 91,612 A.2d 73, cert. denied, 223 Conn. 920, 614 A.2d 829 (1992), however, the defendant raised the statute of limitations set forth in § 54-193
in the trial court by way of a motion to dismiss. Id., 95. The appellate court implied that a trial court has the discretion to hear such a motion, stating that "`[t]he fact that the trial court, in its discretion, entertained the defendant's motion to dismiss prior to trial does not automatically convert an affirmative defense into a right to be free of the trial itself.'" Id., 97, quoting State v. Coleman, supra, 202 Conn. 91. On the basis of Practice Book § 815 and Parsons, the court shall address the defendants' argument that § 54-193 (b) requires dismissal of this action.
Section 54-193 (b), regarding limitations of prosecutions for various offenses, states that "[n]o person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d [arson murder], for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d, except within one year next after the offense has been committed." Since the defendants have been charged with misdemeanors, the state had one year to arrest the defendants after the offenses were committed. State v. Crawford, 202 Conn. 443, 452, 521 A.2d 1034
(1987) (holding that the issuance of an arrest warrant is the initiation of "prosecution" under General Statutes § 54-193 (b));State v. Salafia, 29 Conn. Sup. 305, 315, 284 A.2d 576 (1971). CT Page 1437
The defendants argue that the "offenses" were committed between February 1984 and October 1986, the period during which the property was under construction.[5] They claim that a certificate of occupancy was issued in October 1986, "thereby confirming [that] at that time the building was in compliance with all state laws and local codes." (Motion to Dismiss, p. 3, 6; see also Transcript, November 30, 1995, p. 5, statement by defendants' counsel that "[t]he alleged safety violations pre-existed the issuance of the CO's by the City of West Haven."). Thus, the defendants argue that the relevant date at which to begin calculation of the pre-arrest delay period is the date the certificate of occupancy was issued. Therefore, according to the defendants, the statute of limitations for prosecuting this action expired one year after the certificate was issued, or in October 1987.[6]
The defendants cite no authority in support of their argument that the date of the issuance of the certificate of occupancy is the date at which the court should begin calculation of the limitations period under § 54-193 (b). The informations reveal that the fire code violations occurred "on or about" May 23, 1991, bringing the arrests on June 11, 1991 well within the one year limitations period. See State v. Crawford, supra, 202 Conn. 447
(holding that the issuance of an arrest warrant tolls the statute of limitations, General Statutes § 54-193 (b)). In addition, the defendants do not address the issue of the proper date for calculating a limitations period in a situation where the violations are continuing.
As noted earlier, the statute of limitations is an affirmative defense and the burden is on the defendant to prove the elements of the defense by a preponderance of the evidence. State v. Crawford, supra, 202 Conn. 451. The defendants have not met their burden of proving by a preponderance of the evidence that this action is time-barred under General Statutes § 54-193 (b).
Accordingly, the defendants' motion to dismiss can not be granted on this ground.
 B. Sixth Amendment Right to a Speedy Trial and Fourteenth Amendment Right to Due Process.
The defendants also contend that the alleged pre-arrest delay violated their sixth amendment right to a speedy trial under the U.S. Constitution and violated their right to due process under the fourteenth amendment to the U.S. Constitution. CT Page 1438
a. Sixth Amendment.
The sixth amendment right to a speedy trial is not applicable until the putative defendant becomes an accused, and therefore thesixth amendment right does not apply to the pre-arrest period. J. Bruckman, G. Nash J. Katz, Connecticut Criminal Law Caselaw Handbook (1989) p. 162, citing State v. Morrill, 197 Conn. 507,520, 498 A.2d 76 (1985); see also State v. Crawford, supra, 202 Conn. 443
n. 13 (stating that "[a]bsent a formal charge, thesixth amendment right to a speedy trial does not extend to the period prior to arrest."); State v. Hall, 17 Conn. App. 502, 507,554 A.2d 746 (1989), rev'd on other grounds, 213 Conn. 579, 569 A.2d 534
(1990) (stating that "[t]he issuance of an arrest warrant in and of itself does not trigger the sixth amendment right to a speedy trial of a person not yet arrested.").
b. Fourteenth Amendment.
The defendants did not brief their due process argument in their memorandum in support of their motion to dismiss. It is well-settled that issues not briefed are considered abandoned. SeeState v. Ulen, 31 Conn. App. 20, 35, 623 A.2d 70, cert. denied,226 Conn. 905, 625 A.2d 1378 (1993); State v. Marra, 222 Conn. 506, 536
n. 16, 610 A.2d 1113 (1992); State v. Rumore, 28 Conn. App. 402,410-11, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049
(1992); ; Esaw v. Friedman, 217 Conn. 553, 554 n. 1, 586 A.2d 1164
(1991). Although the court need not consider the defendants' due process claim, an analysis of that claim does not support its validity.[7]
II. Post-Arrest Delay.
The defendants move to dismiss this action on the ground that a dismissal is required under General Statutes § 54-82m[8] and Practice Book § 956A-F. In addition, the defendants move to dismiss this action on the ground that they were denied their right to a speedy trial under the Connecticut Constitution, article first, § 8, and under the Sixth Amendment to the U.S. Constitution.
"The sixth amendment to the United States constitution, made applicable to the states through the fourteenth amendment, and article first, § 8, of the Connecticut constitution guarantee the right to a speedy trial." State v. Almgren, 12 Conn. App. 364,368, 530 A.2d 1089 (1987). In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. CT Page 1439 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth the guidelines to be applied in determining whether an individual's constitutional right to a speedy trial has been violated. Connecticut, however, has afforded individuals greater rights than those outlined in Barker by promulgating specific deadlines for commencing a criminal trial." State v. Green, supra,38 Conn. App. 871. Thus, this memorandum will address first the statutory right to a speedy trial under General Statutes § 54-82m. See State v. Mooney, 218 Conn. 85, 114-15, 588 A.2d 145 (noting distinct constitutional and statutory speedy trial rights).
A. State Statutory and Practice Book Requirements.
"General Statutes § 54-82m authorizes the judges of the Supreme Court to promulgate rules to provide a procedure to assure a speedy trial." State v. Green, supra, 38 Conn. App. 872; Practice Book § 956A. Practice Book § 956B(b) provides that "the trial of a defendant charged with a criminal offense on or after July 1, 1985, shall commence within twelve months from the filing of the information or from the date of arrest, whichever is later." Practice Book § 956D provides, in relevant part, that "[i]f a defendant is not brought to trial within the applicable time limit set forth in Secs. 956B and 956C, and a trial is not commenced within thirty days of the filing of a motion for speedy trial by the defendant at any time after which such time limit has passed, the information shall be dismissed with prejudice . . . on a motion of the defendant filed after the expiration of such thirty day period." Practice Book § 956C provides for certain exclusions of time periods in calculating the period within which a defendant must be tried.[9] The purpose of the statutory right to a speedy trial is to prevent purposeful or oppressive delay. State v.Green, supra, 38 Conn. App. 874.
"[B]efore the defendant may move for dismissal, he must file a motion for a speedy trial." State v. Green, supra, 38 Conn. App. 872
(construing General Statutes § 54-82m); see State v.Richardson, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CR92-74685 (August 25, 1994, Espinosa, J.). The defendants in this action have not filed a motion for a speedy trial. The defendants have filed a motion to dismiss. They argue, however, that the difference is one of semantics only and that the motion to dismiss for speedy trial is a motion for a speedy trial, as required by the Practice Book.[10]
This Court finds that Practice Book § 956D and State v. Green, CT Page 1440 supra, 872, require that the defendants must file first a motion for a speedy trial and then file a motion to dismiss if trial is not commenced within thirty days of the filing of the motion for a speedy trial. The defendants urge the court to adopt a construction of Practice Book § 956D which would permit a defendant to file one motion, a "hybrid" of the two motions referred to in the Practice Book. Although the court finds that this "hybrid" motion is not sanctioned by our rules and decisional authority, the court will indulge a brief analysis of the defendants' claim under state law.
In their brief the defendants cite the relevant state statutes and practice book rules regarding the speedy trial right but they do not engage in an analysis of these rules as they relate to the procedural history of this case. At oral argument on the motion, the defendants addressed the post-arrest delay period only in so far as to cite several cases.[11]
"The calculation of the speedy trial time period is to be made at the time the defendant moves for a speedy trial and asks for dismissal. The trial court then must examine the record and exclude those periods designated as excludable under the rules." J. Bruckman, G. Nash J. Katz, Connecticut Criminal Caselaw Handbook (1989) p. 164, citing State v. Ortiz, 14 Conn. App. 493,498-9, 542 A.2d 734 (1988), cert. denied, 209 Conn. 804,548 A.2d 441 (1989). Under Practice Book § 956C, as amended effective October 1, 1995, excludable time includes the time between the commencement of the hearing on any pretrial motion and the issuance of a ruling on such motion. A review of the procedural history of the cases is in order. The defendants were arrested on June 11, 1991, and the informations were filed on June 7, 1991. Thus, the date on which calculation begins under Practice Book § 956B(b), is June 12, 1991. See State v. Charlton, 30 Conn. App. 359,363, 620 A.2d 1297, cert. denied, 225 Conn. 922, 625 A.2d 824
(1993), citing Lamberti v. Stamford, 131 Conn. 396, 397-98,40 A.2d 190 (1944). The earliest date for filing a motion to dismiss for lack of a speedy trial, without taking into consideration any excludable periods, is June 11, 1992. See State v. Charlton, supra, 363; Practice Book § 956B(b).
On June 17, 1991, the defendants filed eleven pretrial motions.[12] Prior to the October 1, 1995 amendment of Practice Book § 956C the filing of the pretrial motion began the period of excludable delay. State v. Charlton, supra, 30 Conn. App. 364
(stating that "there is nothing in the rules that limits the delay CT Page 1441 resulting from a hearing to the hearing time itself. The computation period will begin on the day following the filing of the motion . . . and will run until and including the day the motion is heard."). It is evident from the file that the eleven pretrial motions filed on June 17, 1991, were never ruled upon. There is no indication in the file that the defendants withdrew the motions or that they sought to compel the court to act upon them. Moreover, there is no indication that the motions were set down for a hearing.
There is one pretrial motion which did result in a hearing and a ruling. On July 5, 1991, Ahern, Santa Barbara and Perotti filed motions to dismiss for vindictive and bad faith prosecution. Brophy filed the same motion on July 9, 1991. The hearing on these motions was held on November 19, 1992 and November 20, 1992. (Notice of Court Hearing, November 6, 1992).[13] Thus, there is an excludable period at least from July 6, 1991, the day after the motions were filed by all defendants except Brophy, through November 20, 1992, the last day of the hearing on the motions. This is a period of five hundred and four days.[14] Adding this time to June 11, 1992, brings the date on which a motion to dismiss could be timely filed to October 28, 1993. This is the earliest date on which the defendants could have filed a motion for a speedy trial. State v. Charlton, supra, 30 Conn. App. 365; State v. Green, supra, 38 Conn. App. 868 (stating that "[i]n order for a motion for a speedy trial to be proper, it must be filed after the running of the requisite time period for commencing a trial."). The record does not reveal any period of excusable delay beyond this date.[15]
The defendants filed a motion to dismiss on speedy trial grounds on April 7, 1995.[16] However, as stated earlier, this motion is premature under state law inasmuch as the state rule and decisional authorities require that a motion for speedy trial be first filed, and then if the trial is not commenced within 30 days of such motion, the motion to dismiss would then be a proper pleading.
B. Claimed violation of Constitutional Speedy Trial Right
In the case of State v. Mooney, 218 Conn. 85 (1991) the Connecticut Supreme Court had the occasion to review and reaffirm the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution, and by Article I, § 8 of the Constitution of the State of Connecticut. The Court noted that its application of the right would be in accord with the guidelines CT Page 1442 established by the United States Supreme Court in the case of Bakerv. Wingo, 407 U.S. 514, 92 S.C. 2182 (1972).
 The Supreme court of the United States and this state have identified four factors which form the matrix of the defendant's constitutional right to a speedy adjudication: [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. Barker v. Wingo. . . [N]one of the factors standing alone would demand a set disposition; rather it is the total mix which determines whether the defendant's right was violated. (Citation omitted.)
State v. Mooney, supra, at 118. In reviewing the foregoing factors, the court in State v. Mooney, found that there was an eighteen-month interval between the arrest and trial of the defendant who remained confined until his trial. The court found that the reason for the delay was the need of the state of try an accomplice so as to secure the testimony of a necessary witness. The Court found that defendant Mooney asserted his right to a speedy trial by filing motions for a speedy trial early in the proceedings, but that thereafter he contributed to the delay.
Finally, the court reviewed the final factor in those of the speedy trial matrix, to wit: the claim of prejudice to the defendant. This factor is known as the "linchpin of the speedy trial claim." State v. Lloyd, 185 Conn. 199, 209 (1981). In this regard the court in State v. Mooney, noted that "[t]hree interests have been identified as those which the right to a speedy trial was designed to protect and which therefore may be prejudiced by the deprivation of that right," citing State v. Morrill, 197 Conn. 507,526 (1985).
 Those interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (Citing Barker v. Wingo, supra, at 532.) CT Page 1443
State v. Mooney, supra, at 121. After noting that a general weakening of witnesses' memories due to the passage of time, without more, is insufficient to cause prejudice, the court found that defendant Mooney did not make a showing of prejudice sufficient to establish that his right to a speedy trial was violated, and the court declined to so find.
This court must review the factors of length of delay, the reason for the delay, the defendants assertion of their right, and claimed prejudice to the defendants in determining whether their constitutional right to a speedy trial have been violated. The obligation to apply the foregoing four factors is recognized by our Supreme Court as well as by the United States Supreme Court.
 We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process.
Baker v. Wingo, 407 U.S. at 533. As stated earlier, Judge Vertefueille's memorandum of decision on defendants' Motion to Dismiss re' Vindictive and Bad Faith Prosecution was filed on January 25, 1993. The decision denying this motion was filed by Judge Vertefueille on January 25, 1993. No motion for a speedy trial has been filed in this case. However, the defendants on April 6, 1995 did file the instant Motion to Dismiss and clearly then asserted a claim for a speedy trial.
Accounting for the excludable time referred to earlier in this memorandum, approximately two and one-half years have expired since a motion for speedy trial could have been filed timely. Nevertheless, this amounts to a substantial period of time. However, delay alone is not sufficient to establish a violation of the constitutional right to a speedy trial.
The court must next examine the reason for the delay. At oral argument the assistant state's attorney claimed that a substantial portion of the delay was due to a pre-trial negotiation process, CT Page 1444 which at one point involved a trial judge actually visiting the premises and suggesting that the defendants attempt to resolve the matter of the alleged violations of the fire code through negotiation directly with the City of West Haven.
The assistant state's attorney stated at oral argument that she spoke with the attorney representing the City of West Haven and he gave her the impression that the matter of the claimed fire code violations in this case together with certain other matters of the defendants were the subject of negotiation, and that although the other matters were resolved the claimed violations of the fire code were not. The defendants respond by stating that this case is four years old; and that seven months have elapsed since the filing of their April 1995 motion to dismiss — all without the commencement of a trial. The court finds that the reason for delay, as articulated by the assistant state's attorney, is not in and of itself inimical to the interests of promoting a just and fair resolution of this matter. Clearly, the reason was not to strengthen the state's prosecution nor to weaken the defendants' position at trial.
Finally, the court is constrained to analyze the final factor, to wit: a showing of prejudice to the defendants — characterized by the Connecticut Supreme Court as the ". . . linchpin of the speedy trial claim. . . ." State v. Lloyd, 185 Conn. 199, 209 (1981). Examining the components of the prejudice factor (i.e. preventing oppressive pretrial incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired), the trial court must accord the greatest weight to whether the delay has adversely affected the ability of the defendants to defend themselves in this prosecution. State v.Mooney, supra, at 121.
Applying the components of the prejudice factor, the court finds that there is no pretrial incarceration. Although it is unfortunate that every prosecution is accompanied by some anxiety, the court finds no evidence of the defendants enduring substantial anxiety. On the matter of harm to the defense the court finds that the defendants have presented no evidence of nor provided any specific instances as to harm caused by the delay in the trial of this case. Accordingly, the Court finds that the defendants have not made a sufficient showing of prejudice. State v. Mooney, supra, 121, 122. See also State v. Morrill, 197 Conn. 507, 529 (1985).
For the foregoing reasons, and upon the foregoing authorities, CT Page 1445 the defendants' Motion to Dismiss is denied.[17] Given the history of this case, it is apparent that the trial should be scheduled to commence forthwith.