## State of Connecticut *v.* Ruby Coleman
### (12925)

Peters, C. J., Shea, Dannehy, Callahan and Brenneman, Js.

Argued November 13, 1986—decision released January 20, 1987

*Alan D. McWhirter,* assistant public defender, with whom, on the brief, was *Raymond J. Quinn, Jr.,* public defender, for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, with whom, on the brief, were *Bradford J. Ward,* assistant state's attorney, and *James G. Clark,* deputy assistant state's attorney, for the appellee (state).

CALLAHAN, J. On August 30, 1979, an information was signed and an arrest warrant issued for the defendant, Ruby Coleman, wherein she was charged with fraud in obtaining state aid in violation of General Statutes § 17-83i[1] which subjected her to the penalties of General Statutes § 53a-122,[2] a class B felony. The applicable statute of limitations for a felony is five years. General Statutes § 54-193 (b).[3] The information alleged

[1] "[General Statutes (Rev. to 1977)] Sec. 17-83i. FRAUD IN OBTAINING AID OR RECEIVING PAYMENT. LARCENY PENALTY. (a) Any sums paid to or on behalf of any person under the provisions of this chapter as a result of any false statement, misrepresentation or concealment of or failure to disclose assets by him, or by any person legally liable for his support, may be recovered in an action brought by the state against such person or persons.

"(b) Any person who, by means of an intentionally false statement or misrepresentation or by impersonation or other fraudulent act or device, obtains, or attempts to obtain, or aids or abets any person to obtain, any monetary award under this chapter to which he is not entitled; and any person who, with intent to defraud, buys or aids or abets in buying or in any way disposing of the property of a person receiving an award, without the consent of the commissioner, and any person who violates the provisions of section 17-82j or any other provision of this chapter shall be subject to the penalties for larceny under sections 53a-122 to 53a-125, inclusive, depending on the amount involved. When a person receiving assistance is convicted of an offense involving an overpayment of public assistance under this chapter, the commissioner of [income maintenance] may discontinue his award or take such other action as conforms to federal regulations."

[2] "[General Statutes (Rev. to 1977)] Sec. 53a-122. LARCENY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of larceny in the first degree when: (1) The property or service, regardless of its nature and value, is obtained by extortion, or (2) the value of the property or service exceeds two thousand dollars.

"(b) Larceny in the first degree is a class B felony."

[3] "[General Statutes] Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. (a) There shall be no limitation of time within which a person may be prosecuted for a capital felony or a class A felony.

"(b) No person may be prosecuted for any offense, except a capital felony or a class A felony, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony or a class A felony, except within one year next after the offense has been committed.

"(c) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this

that the offense had occurred between April, 1976, and May, 1978. The defendant was arrested pursuant to the warrant on May 25, 1985, five years and nine months after the warrant had been issued and some seven years after the date of the last alleged violation of General Statutes § 17-83i. The defendant was arraigned on June 17, 1985, and subsequently filed a motion to dismiss, claiming that the trial court lacked jurisdiction of the crime alleged in the information because of the expiration of the five year period of limitation of General Statutes § 54-193 (b). Without hearing evidence, the trial court denied the defendant's motion on the basis of *State* v. *Cordova,* 38 Conn. Sup. 377, 448 A.2d 848 (1982),[4] and the defendant appealed from the denial to the Appellate Court.

After the defendant had filed her brief, the state filed a motion to dismiss the defendant's appeal on the ground that the Appellate Court lacked jurisdiction to hear the appeal because the trial court's denial of the defendant's motion was not a final judgment. After a hearing, the Appellate Court dismissed the appeal without opinion. We granted the defendant's petition for certification limited to the narrow issue of whether the denial of a motion to dismiss grounded on General Statutes § 54-193 (b) is an appealable final judgment. We affirm the judgment of the Appellate Court.

"In Connecticut an appeal is purely a statutory privilege accorded only if the conditions fixed by statute

state during the period so limited, it may be brought against him at any time within such period, during which he resides in this state, after the commission of the offense.

"(d) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

[4] In *State* v. *Cordova,* 38 Conn. Sup. 377, 381, 448 A.2d 848 (1982), the appellate division of the Superior Court held that the issuance of an arrest warrant commences prosecution and tolls the statute of limitations.

and the rules of court for taking and prosecuting the appeal are met. *State* v. *Audet,* 170 Conn. 337, 341–42, 365 A.2d 1082 (1976); *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589 (1948), aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715 (1949)." *State* v. *Longo,* 192 Conn. 85, 87–88, 469 A.2d 1220 (1984). Practice Book § 4000[5] (formerly § 3000) and General Statutes §§ 52-263[6] and 51-197a[7] provide that a party aggrieved by a decision of the trial court may appeal from the court's final judgment. *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). The final judgment in a criminal case is the imposition of sentence. *In re Juvenile Appeal (85-AB),* 195 Conn. 303, 306, 488 A.2d 778 (1985); *State* v. *Parker,* 194 Conn. 650, 652, 485 A.2d 139 (1984). Since the imposition of sentence has not occurred in this case, the trial court's denial of the defendant's motion to dismiss cannot be deemed a final

[5] "[Practice Book] Sec. 4000. (Formerly § 3000). RIGHT OF APPEAL

"If a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court or of such judge, or he may appeal from a decision setting aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in Gen. Stat. §§ 8-8, 8-9, 8-28 and 8-30."

[6] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. EXCEPTIONS. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8, 8-9, 8-28 and 8-30."

[7] "[General Statutes] Sec. 51-197a. APPEALS TO APPELLATE COURT. WRITS. TRANSFER OF JURISDICTION FROM APPELLATE SESSION. (a) Appeals from final judgments or actions of the superior court shall be taken to the appellate court in accordance with section 51-197c, except for small claims, which are not appealable, appeals within the jurisdiction of the supreme court as provided for in section 51-199, appeals as provided for in sections 8-8, 8-9, 8-28 and 8-30, and except as otherwise provided by statute."

judgment. *In re Juvenile Appeal (85-AB)*, supra, 307. It is appealable, therefore, only if it "falls within one of the narrowly defined exceptions to the general prohibition against appeals from interlocutory rulings." Id. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State v. Curcio*, supra, 31.

The first prong of the *Curcio* test is obviously not satisfied here. General Statutes § 54-193 (b) is not a jurisdictional bar to prosecution, but an affirmative defense which must be proved by the defendant by a preponderance of the evidence. *State v. Littlejohn*, 199 Conn. 631, 640, 508 A.2d 1376 (1986); see General Statutes § 53a-12 (b); *United States v. Karlin*, 785 F.2d 90, 92 (3d Cir. 1986). As a defense, it is inextricably bound up with the question of criminal liability. It is not an issue "separate and distinct from the guilt determining process"; *State v. Curcio*, supra, 31; and hence severable from it. *State v. Parker*, supra, 654. Rather, the defense of the statute of limitations impacts directly on the prosecution of the crime charged. See id., 653. The trial court's determination of the defendant's motion to dismiss, therefore, was "merely a step along the road to final judgment"; id; and did not constitute a "separate and distinct proceeding" within the meaning of *Curcio*. *State v. Longo*, supra, 89.

The defendant, however, claims that her case fits within the second prong of the *Curcio* test. She contends that § 54-193 (b) confers upon her a statutory right not to be prosecuted, and that if the criminal proceedings against her are allowed to continue, she will lose that right forever. She argues, therefore, that she has a right not to be tried and that she is entitled to immediate appellate review of the denial of her motion to dismiss. We disagree.

As previously noted, § 54-193 (b) is an affirmative defense, not a jurisdictional bar to prosecution. *State* v. *Littlejohn,* supra, 640. An affirmative defense is presented in the orderly course of a criminal trial after the prosecution has presented its case-in-chief. Practice Book § 874; C. McCormick, Evidence (3d Ed.) § 4, p. 7; C. Tait & J. LaPlante, Connecticut Evidence § 3.2. The penal code establishes a number of affirmative defenses,[8] none of which shields the defendant from trial. To say that General Statutes § 54-193 (b) is an affirmative defense that affords the defendant a right not to be tried is a contradiction in terms. The rules governing the orderly progress of criminal trials would be cast into disarray if an accused were allowed to present a defense prior to the prosecution's case-in-chief and to obtain interlocutory appellate review if it were rejected. The fact that the trial court, in its discretion, entertained the defendant's motion to dismiss prior to trial does not automatically convert an affirmative defense into a right to be free of the trial itself. As an affirmative defense, the statute of limitations provides the defendant with a shield, not against prosecution itself, but against successful prosecution. See *State* v. *Parker,* supra, 657.

Further, the rights afforded the defendant, via the remedy of the statute of limitations, were not concluded by the denial of her motion. Those rights, if they exist in this case, are still intact and may be enforced on trial or on appeal from a final judgment. "Limitations statutes . . . are intended to foreclose the potential for *inaccuracy* and *unfairness* that stale evidence and dull memories may occasion in an unduly delayed trial." (Emphasis in original.) *United States* v. *Levine,* 658 F.2d 113, 127 (3d Cir. 1981). It is not the trial, but the danger to an accused of an unfair conviction because

---

[8] See General Statutes §§ 53a-13, 53a-54, 53a-54a, 53a-110, 53a-67, 53a-134.

of delay prior to the initiation of criminal proceedings against which limitations statutes are designed to safeguard. Id. "The protection afforded against delay *before* trial is neither undercut nor compounded by the trial itself, and the right is as adequately respected by an acquittal as it would be by a successful pretrial motion." (Emphasis in original.) Id., 119.

The rights protected by § 54-193 (b), if they are available to the defendant, therefore, were not irretrievably lost. Those rights can be vindicated at trial or by an appeal from a final judgment. Unlike a double jeopardy claim, where the right of an accused not to be tried is irretrievably lost if interlocutory appellate review is denied; State v. *Longo,* supra, 91; here, the defendant has no right to avoid trial, and her right to prevent an unfair conviction caused by pretrial delay remains viable. She is not entitled to interlocutory appellate review.

The adoption of a rule to the contrary would encourage piecemeal appeals, which are inimical to the effective and fair administration of the criminal law. *Cobbledick* v. *United States,* 309 U.S. 323, 325–26, 60 S. Ct. 540, 84 L. Ed. 783 (1940); State v. *Curcio,* supra, 30. Such a rule would only increase the delay before trial and exacerbate the very problem of memory loss and stale evidence which statutes of limitation are designed to minimize. As this court previously indicated in State v. *Ellis,* 197 Conn. 436, 440, 497 A.2d 974 (1985), the denial of a motion to dismiss based upon § 54-193 (b) grounds is not a final judgment.

We, therefore, affirm the judgment of the Appellate Court dismissing the defendant's appeal.

In this opinion the other justices concurred.