STATE OF CONNECTICUT *v.* RONALD L. CRAWFORD
(12912)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued December 2, 1986—decision released March 10, 1987

*Dennis F. O'Toole,* deputy assistant public defender, for the appellant (defendant).

*Harry Weller,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, *James G. Clark* and *Raymond Thomas,* deputy assistant state's attorneys, and *Glenn Kaas,* law student intern, for the appellee (state).

CALLAHAN, J. The defendant was charged in the first count of a two count information with issuing a bad check in violation of General Statutes § 53a-128[1] and

[1] "[General Statutes (Rev. to 1983)] Sec. 53a-128. ISSUING A BAD CHECK: CLASS A MISDEMEANOR. (a) A person is guilty of issuing a bad check when: (1) As a drawer or representative drawer, he issues a check knowing that he or his principal, as the case may be, does not then have sufficient funds with the drawee to cover it, and (A) he intends or believes at the time of issuance that payment will be refused by the drawee upon presentation, and (B) payment is refused by the drawee upon presentation; or (2) he passes a check knowing that the drawer thereof does not then have sufficient funds with the drawee to cover it, and (A) he intends or believes at the time the check is passed that payment will be refused by the drawee upon presentation, and (B) payment is refused by the drawee upon presentation.

"(b) For the purposes of this section, an issuer is presumed to know that the check or order, other than a postdated check or order, would not be paid, if: (1) The issuer had no account with the drawee at the time the check or order was issued; or (2) payment was refused by the drawee for insuffi-

in the second count with larceny in the fourth degree in violation of General Statutes § 53a-125.[2] Both offenses are misdemeanors,[3] and arose out of the same incident, which occurred on June 5, 1983, in East Windsor when the defendant issued a fraudulent check in payment of a moped at a local store. An arrest warrant was issued for the defendant on July 22, 1983. The warrant was not executed and the defendant was not arrested, however, until July 29, 1985, more than two years after the offenses were committed. The record indicates no reason for the delay in the defendant's arrest.

The defendant filed a motion to dismiss claiming that, because he had not been "prosecuted" within one year of the date of the commission of the offenses charged as required by General Statutes § 54-193 (b), his prosecution was time-barred.[4] Neither the defendant nor the

cient funds upon presentation within thirty days after issue and the issuer failed to make good within eight days after receiving notice of such refusal. For the purposes of this subsection, an issuer is presumed to have received notice of such refusal if the drawee or payee provides proof of mailing such notice by certified mail, return receipt requested, to the issuer at his last known address.

"(c) Issuing a bad check is a class A misdemeanor."

[2] "[General Statutes] Sec. 53a-125. LARCENY IN THE FOURTH DEGREE: CLASS A MISDEMEANOR. (a) A person is guilty of larceny in the fourth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds five hundred dollars.

"(b) Larceny in the fourth degree is a class A misdemeanor."

[3] "[General Statutes] Sec. 53a-26. MISDEMEANOR: DEFINITION, CLASSIFICATION, DESIGNATION. (a) An offense for which a person may be sentenced to a term of imprisonment of not more than one year is a misdemeanor. . . ."

[4] "[General Statutes (Rev. to 1983)] Sec. 54-193. LIMITATION OF PROSECUTIONS FOR VARIOUS OFFENSES. (a) There shall be no limitation of time within which a person may be prosecuted for a capital felony or a class A felony.

"(b) No person may be prosecuted for any offense, except a capital felony or a class A felony, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has

state presented testimony at the hearing on the motion. The trial court, relying on *State* v. *Cordova,* 38 Conn. Sup. 377, 448 A.2d 848 (1982),[5] denied the defendant's motion to dismiss. The defendant subsequently filed a conditional plea of nolo contendere under General Statutes § 54-94a[6] expressly reserving his right to appeal from the trial court's denial of his motion. The trial court accepted the plea of nolo contendere, entered a finding of guilty, imposed a sentence of one year suspended after nine months and a period of probation, and ordered restitution.[7]

---

been committed. No person may be prosecuted for any other offense, except a capital felony or a class A felony, except within one year next after the offense has been committed.

"(c) If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against him at any time within such period, during which he resides in this state, after the commission of the offense.

"(d) When any suit, indictment, information or complaint for any crime may be brought within any other time than is limited by this section, it shall be brought within such time."

[5] *State* v. *Cordova,* 38 Conn. Sup. 377, 448 A.2d 848 (1982), was a decision of the Appellate Session of the Superior Court which held that the issuance of an arrest warrant tolls the statute of limitations.

[6] "[General Statutes] Sec. 54-94a. CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[7] Unlike *State* v. *Coleman,* 202 Conn. 86, 91–92, 519 A.2d 1201 (1986), wherein we held that a denial of a motion to dismiss on the ground that the prosecution was barred by General Statutes § 54-193 (b) was not immediately appealable, in this case, the imposition of sentence is a final judgment which was immediately appealable.

The only issue raised by this appeal is whether the issuance of the arrest warrant on July 22, 1983, within the period of limitation provided by General Statutes § 54-193 (b), tolled the statute.[8] The defendant contends on appeal, as he did in the trial court, that he was not "prosecuted" as required by the statute until he was arrested by virtue of the warrant and an information filed in court on July 29, 1985, well beyond the period of limitation provided by § 54-193 (b). The state argues, however, that the defendant was "prosecuted" for the purposes of the statute of limitations when a judicial officer, presented with an affidavit and a short form information, which incorporated an application for an arrest warrant and an arrest warrant, found probable cause and issued the arrest warrant on July 22, 1983, shortly after the crimes charged had been committed. We agree with the state and conclude that the issuance of the arrest warrant tolled the statute of limitations.

General Statutes § 54-193 (b) provides in pertinent part: "No person may be prosecuted for any [misdemeanor] . . . except within one year next after the offense has been committed." The statute, however, does not define "prosecuted" or contain any provision delineating at what stage of the prosecution the limitation period is tolled. The Appellate Session of the Superior Court in *State* v. *Cordova,* supra, the only authority in Connecticut construing this provision, analyzed the statute in the context of the policies underlying limitations statutes, and concluded that the issuance of the warrant tolls the statute of limitations.

Although the purpose of a statute of limitations is to ensure a timely commencement of prosecution, juris-

---

[8] The prosecution made no claim that the defendant was out of the state at any period after the commission of the offenses charged so as to toll the statute under General Statutes § 54-193 (c). The only issue is that framed and discussed in this opinion.

dictions differ on what act will suffice to show such commencement. In jurisdictions where legislation requires the finding of an indictment or the filing of an information as the first step in a criminal case, the "prosecution" is deemed commenced by either of these acts, and the running of the statute of limitations is thereby tolled. 2 W. LaFave & J. Israel, Criminal Procedure § 18.5; see 1 F. Wharton, Criminal Law (14th Ed.) § 90. In the absence of such legislation, however, it is generally held that the prosecution is commenced, and the statute tolled, at the time a complaint is laid before a magistrate and a warrant of arrest is issued. *State* v. *Chacon,* 479 So. 2d 229, 230 (Fla. App. 1985); *McMorris* v. *State,* 277 Md. 62, 67–68, 355 A.2d 438 (1975); *State* v. *Mars,* 39 Md. App. 436, 438, 386 A.2d 1234 (1978); see *Akers* v. *State,* 370 So. 2d 81, 83 (Fla. App. 1979); *State* v. *White,* 92 P. 829, 830 (Kan. 1907); 2 W. LaFave & J. Israel, supra; 21 Am. Jur. 2d, Criminal Law § 230. The American Law Institute model penal code is in accord. It provides that "[a] prosecution is commenced either when an indictment is found [or an information filed] or when a warrant or other process is issued, provided that such warrant or process is executed without unreasonable delay." Model Penal Code (1985) § 1.06 (5); see *State* v. *Barnes,* 66 Or. App. 896, 676 P.2d 344 (1984); *Commonwealth* v. *Patterson,* 236 Pa. Super. 131, 344 A.2d 710 (1975).

General Statutes § 54-193 (b) does not make reference to the finding of an indictment or the filing of an information but provides only that a person must be "prosecuted" within a specified time. Further, neither the Practice Book nor our statutes contain provisions for the finding of an indictment[9] or the filing of an infor-

___

[9] General Statutes § 54-46 previously required an indictment for crimes punishable by death or life imprisonment. This provision, however, was amended by No. 83-210 of the 1983 Public Acts. All felonies in Connecticut are now prosecuted by information and misdemeanors by information or complaint. Practice Book § 616.

mation prior to the arrest of an accused person. Cf. Practice Book § 972.[10] In this state, the initial step to commence a prosecution, when an arrest is to be made by virtue of a warrant, is the presentation of an application for a warrant, which is accompanied by an affidavit, by a prosecutorial official to a judicial authority. If the judicial authority finds that the accompanying affidavit shows probable cause to believe that an offense has been committed, and that the person complained against committed it, the judicial authority may issue an arrest warrant. General Statutes § 54-2a.[11]

[10] "[Practice Book] Sec. 972. ——DOCKETING

"Upon the return of an indictment or of a summons, or of a warrant previously issued by the judicial authority, or upon receipt of notice of an arrest, the clerk of the court having jurisdiction of the case shall forthwith assign a number to the case, enter it on the criminal docket or on other appropriate documents, and make a file in connection therewith. He shall immediately notify the prosecuting authority of the number assigned to the case."

[11] "[General Statutes] Sec. 54-2a. ISSUANCE OF BENCH WARRANTS OF ARREST, SUBPOENAS, CAPIAS AND OTHER CRIMINAL PROCESS. RELEASE CONDITIONS. SERVICE OF COURT PROCESS. (a) In all criminal cases the superior court, or any judge thereof, may issue (1) bench warrants of arrest upon application by a prosecutorial official if the court or judge determines that the affidavit accompanying the application shows that there is probable cause to believe that an offense has been committed and that the person complained against committed it, (2) subpoenas for witnesses, (3) capias for witnesses and for defendants who violate an order of the court regarding any court appearance and (4) all other criminal process; and may administer justice in all criminal matters.

"(b) The court or judge issuing a bench warrant for the arrest of the person or persons complained against, shall, in cases punishable by death or life imprisonment set the conditions of release or indicate that the person or persons named in the warrant shall not be entitled to bail and may, in all other cases set the conditions of release. The conditions of release, if included in the warrant, shall fix the first of the following conditions, which the court or judge finds necessary to assure such person's appearance in court: (1) Written promise to appear; (2) execution of a bond without surety in no greater amount than necessary or (3) execution of a bond with surety in no greater amount than necessary.

"(c) In lieu of a warrant for the rearrest of any defendant who fails to appear for trial at the place and time specified or on any court date thereafter the court or judge may issue a capias.

When an arrest warrant has been issued, and the prosecutorial official has promptly delivered it to a proper officer for service, he has done all he can under our existing law to initiate prosecution and to set in motion the machinery that will provide notice to the accused of the charges against him.[12] When the prosecutorial authority has done everything possible within the period of limitation to evidence and effectuate an intent to prosecute, the statute of limitations is tolled. See *State* v. *Hickman,* 189 So. 2d 254, 261–62 (Fla. App 1966). An accused should not be rewarded, absent evidence of a lack of due diligence on the part of the officer charged with executing the warrant, for managing to avoid apprehension to a point in time beyond the period of limitation.

We recognize, however, that some limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions, a primary purpose of statutes of limitation. *United States* v. *Levine,* 658 F.2d 113, 127 (3d Cir. 1981); *State* v. *Coleman,* 202 Conn. 86, 91, 519 A.2d 1201 (1987); see *United States* v. *Marion,* 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). Therefore, we adopt, what we think is the sensible approach of the model penal code, and conclude that, in order to toll the statute of limitations, an arrest warrant, when issued within the time limitations of

"(d) All process issued by said court or any judge thereof shall be served by any proper officer, or an indifferent person when specially directed to do so and shall be obeyed by any and all persons and officers to whom the same is directed or whom it may concern."

[12] General Statutes § 54-193 (c) does not require a different result. That subsection, which tolls the statute as to a person who has fled from and resides outside the state after the commission of the offense, simply extends the time within which an "indictment, information or complaint" may be brought. While under our present holding the issuance of an arrest warrant within the period of limitation might accomplish the same result, there may be valid reasons why the prosecuting authority cannot procure an arrest warrant while an accused is absent from the state.

§ 54-193 (b), must be executed without unreasonable delay. Model Penal Code, supra. We do not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable. A reasonable period of time is a question of fact that will depend on the circumstances of each case. If the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable and fail to toll the statute of limitations.

The statute of limitations is, however, an affirmative defense. *State* v. *Coleman,* supra, 90; *State* v. *Littlejohn,* 199 Conn. 631, 640, 508 A.2d 1376 (1986). Consequently, the burden was on the defendant to prove the elements of that defense by a preponderance of the evidence. *State* v. *Coleman,* supra; *State* v. *Littlejohn,* supra; see General Statutes § 53a-12 (b); *United States* v. *Karlin,* 785 F.2d 90, 92 (3d Cir. 1986). Since no testimony was taken on the defendant's motion to dismiss concerning the reason for the delay in the execution of the warrant in this case, he has failed to meet that burden. We cannot assume, nor could the trial court, that the warrant was not executed with due diligence. The warrant directed the officer serving it to arrest the body of the defendant and "forthwith" have him before the superior court. "It is . . . presumed until the contrary appears that a public officer acting officially has done his duty." *State* v. *Lenihan,* 151 Conn. 552, 555, 200 A.2d 476 (1964). There was no evidence to the contrary.

The defendant argues that *State* v. *Vitale,* 190 Conn. 219, 460 A.2d 961 (1983), and *State* v. *Falcon,* 196 Conn. 557, 494 A.2d 1190 (1985), require a conclusion

that the defendant was not "prosecuted" within the meaning of § 54-193 (b) until the information was filed in court. We disagree. Both *Vitale* and *Falcon* are concerned with the issue of when an accused's sixth amendment right to counsel attaches in a criminal prosecution. *State* v. *Falcon,* supra, 562; *State* v. *Vitale,* supra, 231. In *State* v. *Vitale,* supra, 232, we held that an arrest, whether or not accomplished by a warrant, did not mark the start of adversarial judicial proceedings for right to counsel purposes. In *State* v. *Falcon,* supra, we reaffirmed our holding in *Vitale* and stated, "[n]either the request of a state's attorney, nor the action of a court in granting that request [for an arrest warrant], converts an arrest warrant into an official accusation signaling the state's commitment to prosecute." Taken in the context of the case in which it was made, the statement means only that the issuance of an arrest warrant does not commence such adversarial judicial proceedings as trigger a defendant's sixth amendment right to counsel. Neither case, however, forecloses our holding that the issuance of an arrest warrant is sufficient initiation of a prosecution to toll the statute of limitations if the warrant is served with due diligence.

We agree, therefore, with the trial court's denial of the defendant's motion to dismiss in this case. The timely issuance of the arrest warrant tolled the statute of limitations in the absence of an evidentiary showing of unreasonable delay in its service upon the defendant.[13] Model Penal Code, supra.

---

[13] Although it is not an issue on this appeal, it should be mentioned that we do not necessarily agree with the conclusion of the Appellate Session of the Superior Court in *State* v. *Cordova,* 38 Conn. Sup. 377, 488 A.2d 848 (1982), that the issuance of an arrest warrant in and of itself triggers the sixth amendment right of a person not yet arrested to a speedy trial. This conclusion does not comport with the purpose of the sixth amendment. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nonetheless substan-

There is no error.

In this opinion PETERS, C. J., DANNEHY and SANTANIELLO, Js., concurred.

HEALEY, J., concurred in the result.

tial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States* v. *MacDonald,* 456 U.S. 1, 8, 102 S. Ct. 1497, 71 L. Ed. 2d 696 (1982). Absent a formal charge, the sixth amendment right to a speedy trial does not extend to the period prior to arrest. *United States* v. *Marion,* 404 U.S. 307, 321, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971).

Such a conclusion is also not in accord with General Statutes § 54-82m which was enacted to ensure the right of an accused to a speedy trial. That statute requires only that the trial of an accused commence within a specified period after the *filing date of an information or indictment* or the *date of arrest,* whichever is later. General Statutes § 54-82m. Neither § 54-82m nor Practice Book § 956B (b), which implements the statutory provision, attach any significance to the date of the issuance of an arrest warrant for determining when the right of an accused to a speedy trial comes into being.