[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by a revised amended petition, brings this petition for a writ of habeas corpus in two counts. In the first count he alleges that the Board of Parole has notified him incorrectly that he is subject to G.S. 54-125a(b)(2). commonly referred to as the Truth in Sentencing Law, to serve 85% of his court-imposed sentence before parole eligibility. It is the claim of the petitioner that the Board has interpreted the wordconvicted to mean the date of sentencing which occurred on August 7, 1996 after the July 1, 1996 effective date of the Act rather than the date of plea and the finding of guilt which occurred on June 25, 1996 prior to the July 1, 1996 effective date of the Act. The second count alleges that his criminal trial attorney, Christopher James, gave ineffective assistance of counsel in that the Chief Public Defender advised all public defenders to dispose of cases prior to July 1, 1996 so as to avoid any possible application of C.G. 54-125a(b)(2) on the disposition of their cases. The respondent has moved to dismiss on the ground that this court lacks subject matter jurisdiction.
Final judgment in a criminal case in Connecticut is the imposition of sentence. State v. Coleman, 202 Conn. 86, 89. Conviction appears to be that stage of a criminal proceeding where the issue of guilt is determined. State v. Ross,230 Conn. 183, 188. But even if the interpretation of the Board of Parole concerning the word convicted is incorrect G.S. 54-125 as amended by P.A. 95-255 does not give an inmate any right to demand or even apply for parole. The only statutory limits upon the discretion of the board of parole are the requirements that the CT Page 7044 inmate serve his minimum sentence, that it appears that the inmate will remain at liberty without violating the law, and that the release not be incompatible with the welfare of society.Vincenzo v. Warden, 26 Conn. App. 132, 141. The habeas court therefore lacks subject matter jurisdiction.
For the above reasons the petition is dismissed.
Thomas H. Corrigan State Trial Referee