[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The Defendant has moved to dismiss the charges pending against him in the above-entitled matters. For reasons set forth below, that motion is denied.
On February 16, 1998, the Defendant was alleged to have committed several motor vehicle offenses in New London, Connecticut. A warrant charging him with Operating Under the Influence (C.G.S. § 14-227a), Operating Under Suspension (C.G.S. § 14-215), Engaging Police in Pursuit (C.G.S. § CT Page 15091 14-223b) and Reckless Driving (C.G.S. § 14-222) was issued by Superior Court G.A. 10 in New London on December 10, 1998.
All of the foregoing offenses are misdemeanors, for which the statute of limitations period is one year. (C.G.S. § 54-193
(b)).[1]
There was no evidence at hearing concerning the date when the issued warrant was returned to the Connecticut State Police for service. The Defendant was arrested by the state police on May 15, 1999. This was more than five months after the warrant was issued and two months and 18 days after the statute of limitations would have expired on February 27, 1999.
At a hearing held on October 27, 1999, there was no evidence or testimony introduced concerning the reasons for the delay in executing the warrant.[2]
The Defendant testified on his own behalf at the October 27th
hearing. He stated that he has lived at his current address for the past three years. He testified that with the exception of a two-day business trip to New York, he did not leave the State of Connecticut during the period from February 16, 1998, until May 15, 1999.
The Defendant also testified that for a period of time following the alleged incident, he called the state police on numerous occasions to inquire if a warrant had been issued for his arrest. During these contacts, he offered to surrender once a warrant was signed. The Defendant stopped calling the state police after he retained counsel. The Court infers from the Defendant's testimony that his telephone calls to the state police had ceased prior to the arrest warrant's issuance.
The Defendant's testimony was uncontroverted by the State, and the Court accepts it as credible.
In arguing for dismissal of the charges, the Defendant contends that prosecution is prohibited by the statute of limitations. He asserts that the statute had run before he was arrested, and that the state police unreasonably delayed serving the warrant.
The State counters that the warrant was issued within the one-year statutory period, thereby commencing "prosecution" per CT Page 15092 C.G.S. § 54-193 (b), and tolling the statute of limitations.
"The issuance of an arrest warrant is sufficient `prosecution' to satisfy the statute of limitations only if the warrant is executed with due diligence." State v. Kruelski,41 Conn. App. 476, 486 (1996). (Internal citations and quotation marks omitted.) What constitutes a reasonable period of time is a question of fact which depends on the particular facts and circumstances of each case. State v. Kruelski, supra, 486.
"The statute of limitations is an affirmative defense." Statev. Figueroa, 235 Conn. 145, 177 (1997); see also State v. Coleman202 Conn. 86, 90 519 A.2d 1201 (1987), and State v. Littlejohn,199 Conn. 631, 640, 508 A.2d 1376 (1986). The Defendant has the burden of proving a statute of limitations defense by a preponderance of the evidence. State v. Figueroa, supra, 178;State v. Coleman, supra, 90.
The Court finds that the arrest warrant in this case was issued on December 10, 1998, more than two months before the one-year statute of limitations period would have expired. The Court finds that the issuance of the warrant satisfied the first prong of the "prosecution criteria" enumerated in Kruelski.
Accordingly, the pivotal issue which must be determined by the Court is whether or not the Defendant's arrest warrant was executed by the police with due diligence, within a reasonable period of time.
In Kruelski, our Appellate Court upheld an arrest by warrant, where the warrant was issued within the statute of limitation period, but served one day after the statutory time period had run.
As noted above, this Court received no evidence at hearing about the events or circumstances, if any, which delayed the Defendant's arrest.
The Defendant's position appears to be that since he was available in Connecticut during the five months after the warrant was issued, his arrest on May 15, 1999, in and of itself, proved unreasonable delay. The Court is not persuaded.
The Defendant did not prove that the state police did not make attempts to serve the warrant. The Defendant did not CT Page 15093 establish that his defense has been thwarted, or damaged in any manner, by the warrant's service on May 15, 1999.
Under the facts of this case, the Defendant did not establish by a preponderance of the evidence that the warrant had been unreasonably delayed.
Since the present warrant was issued within the statute of limitations period, and since lack of due diligence and unreasonable delay were not affirmatively proven, the Court finds that prosecution was initiated within the meaning of C.G.S. §54-193 (b), and that the continuation of these charges is not prohibited by the statute of limitations.
Accordingly, the Defendant's Motion to Dismiss is hereby dismissed.
Dated at New London, Connecticut, this 23rd day of November, 1999.
By the Court:
Dyer, J.