******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.* ORANE C.*
## (SC 20843)

McDonald, D'Auria, Mullins, Ecker, and Dannehy, Js.**

*Syllabus*

The defendant appealed, on the granting of certification, from the judgment of the Appellate Court, which had affirmed his conviction of three counts of sexual assault in the first degree. The defendant claimed that the Appellate Court, in upholding the trial court's denial of his motion to dismiss count two of the state's February, 2020 substitute information, incorrectly concluded that the second count was not time barred by the applicable five year statute of limitations ((Rev. to 2013) § 54-193 (b)). *Held*:

Count two of the state's February, 2020 substitute information, which alleged conduct that had occurred on or about January 1, 2014, at a particular address and which the state first included in the February, 2020 substitute information, was filed more than five years after the date on which the conduct allegedly occurred.

Count two substantially broadened or amended the charges that were contained in the state's previous, timely filed short and long form informations, which alleged conduct that occurred in 2017 at or near a different location than that at which the 2014 conduct occurred, and which made no mention of the 2014 conduct, and, thus, the untimely filed charge in count two did not relate back to the timely filed charges in the state's previous informations.

Although the defendant, through the timely filed informations, received notice within the limitation period that he would be called on to defend against charges relating to the 2017 conduct, he did not receive notice within the limitation period that he would be called on to defend against the 2014 conduct, and an affidavit that the state submitted in 2018 in support of a warrant for the defendant's arrest that referred to the 2014 conduct charged in count two did not toll the statute of limitations, as an arrest warrant

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

** The listing of judges reflects their seniority status on this court as of the date of oral argument.

affidavit does not toll the statute of limitations for the uncharged conduct alleged therein.

Accordingly, the Appellate Court incorrectly concluded that count two of the state's February, 2020 information was not time barred, and this court reversed the Appellate Court's judgment only as to count two and ordered a remand to the trial court with direction to render a judgment of acquittal on that count and to resentence the defendant on the remaining counts.

Argued September 26—officially released December 17, 2024

*Procedural History*

Substitute information charging the defendant with three counts of sexual assault in the first degree, brought to the Superior Court in the judicial district of Fairfield, where the case was tried to the jury before *Calistro, J.*; thereafter, the court, *Calistro, J.*, denied the defendant's motion to dismiss; subsequently, verdict and judgment of guilty, from which the defendant appealed to the Appellate Court, *Alvord, Cradle* and *Suarez, Js.*, which affirmed the trial court's judgment, and the defendant, on the granting of certification, appealed to this court. *Reversed in part*; *judgment directed in part*; *further proceedings.*

*Pamela S. Nagy*, supervisory assistant public defender, for the appellant (defendant).

*Laurie N. Feldman*, assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, *Ann P. Lawlor*, former supervisory assistant state's attorney, and *Susan Campbell*, assistant state's attorney, for the appellee (state).

*Opinion*

DANNEHY, J. The defendant, Orane C., was convicted, following a jury trial, of three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The Appellate Court affirmed the defendant's conviction, rejecting his claim that count two of the state's February 7, 2020 substitute informa-

tion (2020 substitute information) was time barred by the five year statute of limitations. On appeal, the defendant claims that count two of the 2020 substitute information, charging conduct from 2014, substantially broadened or amended the charges that were timely brought, therefore rendering it time barred under General Statutes (Rev. to 2013) § 54-193 (b).[1] We agree with the defendant and, accordingly, reverse in part the judgment of the Appellate Court.

The following facts and procedural history are relevant to the defendant's claim on appeal. In February, 2018, the state submitted an arrest warrant application and supporting affidavit (arrest warrant affidavit) to a judge of the Superior Court. The arrest warrant affidavit contained thirty-eight paragraphs that detailed the defendant's alleged pattern and history of sexual assault against his stepdaughter, S, over a fifteen year period. The court, *Devlin, J.*, on the basis of the arrest warrant affidavit, found probable cause to issue an arrest warrant for the charges of aggravated sexual assault in the first degree, threatening in the first degree, and unlawful restraint in the first degree.[2] The charged conduct was alleged to have occurred on or about May 22, 2017, well within the limitation period, in Bridgeport. After the state filed the original short form information, it filed several substitute informations. Defense counsel never moved for a bill of particulars.

---

[1] The five year statute of limitations set forth in General Statutes (Rev. to 2013) § 54-193 (b) applies to the charges in the present case. Accordingly, all references to § 54-193 (b) in this opinion are to the 2013 revision of the statute.

[2] The offenses charged were set forth on a Connecticut Judicial Branch form JD-CR-71, titled "Information," which was filled out and signed by a state's attorney. A copy of the arrest warrant was attached to the information and was given to the defendant upon being taken into custody. See *State* v. *Pierre*, 277 Conn. 42, 96, 890 A.2d 474 (explaining procedure for and contents of arrest warrant and information), cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006).

In March, 2018, the state filed a long form information (2018 long form information) that charged the defendant with the same three counts but changed the date of May 22, 2017, which appeared on the short form information, to July 22, 2017, with respect to each count.[3] The 2018 long form information alleged that the conduct charged in each count occurred at a particular address on Beechwood Avenue in Bridgeport.

The state thereafter filed the relevant 2020 substitute information, which contained three counts. Count one, charging aggravated sexual assault in the first degree, alleged conduct that occurred on or about May 22, 2017, at or near a particular address on Beechwood Avenue in Bridgeport; count two, charging aggravated sexual assault in the first degree, alleged conduct that occurred on or about January 1, 2014, at a particular address on North Bishop Avenue in Bridgeport; and count three, charging sexual assault in the first degree, alleged conduct that occurred on or about January 1, 2016, in the area of Park Avenue in Fairfield. Count two of the 2020 substitute information is the subject of this appeal.

Six days after the 2020 substitute information was filed, jury selection began, and a six day trial commenced three weeks later.[4] After the state completed its presentation of evidence, the defendant moved to dismiss count two, arguing that the prosecution of the 2014 offense was time barred under § 54-193 (b) because the charge was not brought until 2020, more than five

---

[3] The state represents that this change of date was not a typographical error but, rather, is the date that the victim reported the incidents to the police.

[4] At the end of trial, the state filed a final substitute information amending the defendant's charges to three counts of sexual assault in the first degree. Each count alleged the same date of occurrence as the charges in the February, 2020 substitute information. The counts, however, are listed in a different order. Count one refers to May 22, 2017, count two refers to January 1, 2016, and count three refers to January 1, 2014. The final substitute information is not relevant to this appeal because the defendant's motion to dismiss concerns the February, 2020 substitute information.

years after the date of the offense. After hearing arguments on the defendant's motion to dismiss, the trial court, *Calistro, J.*, considered the 2018 long form information, the 2020 substitute information, and the arrest warrant affidavit to determine whether count two was time barred. The court, relying primarily on the arrest warrant affidavit, concluded that the defendant had notice of the 2014 allegations charged in count two "from the very beginning when [the arrest] warrant was served," and, therefore, the addition of count two in the 2020 substitute information did not substantially broaden or amend the timely charges in the 2018 long form information. The court, therefore, ruled that count two was not time barred and denied the defendant's motion.

At the conclusion of trial, the court charged the jury, and after one day of deliberations, the jury found the defendant guilty on each count. The trial court rendered judgment in accordance with the jury's verdict and imposed a total effective sentence of sixty years of incarceration, suspended after thirty years, followed by thirty years of probation.[5]

On appeal to the Appellate Court, the defendant claimed that the trial court had improperly denied his motion to dismiss count two of the 2020 substitute information. *State* v. *Orane C.*, 218 Conn. App. 683, 692, 293 A.3d 68 (2023). After reviewing the 2018 long form information, the 2020 substitute information, and the arrest warrant affidavit to determine whether count two substantially broadened or amended the timely charges, the Appellate Court agreed with the trial court that the additional count did not broaden the timely charges

---

[5] The sentence imposed for each individual count was twenty years of incarceration, suspended after ten years, followed by thirty years of probation. Sexual assault in the first degree under § 53a-70 (a) (1) is a class B felony with twenty years as the maximum term of imprisonment. General Statutes §§ 53a-35a (6) and 53a-70 (b) (1).

because "[t]he arrest warrant affidavit described, in detail, the factual predicate of the 2014 assault" and, therefore, provided the defendant with sufficient notice of the charge. Id., 699. The Appellate Court thus rejected the defendant's claim and upheld the trial court's denial of his motion to dismiss. Id., 700, 711. We granted the defendant's petition for certification to appeal from the judgment of the Appellate Court. *State* v. *Orane C.*, 346 Conn. 1023, 1023, 294 A.3d 27 (2023).

The sole certified question before us is whether the Appellate Court correctly concluded, in upholding the trial court's denial of the defendant's motion to dismiss count two of the 2020 substitute information, that count two was not barred by the applicable statute of limitations, insofar as the 2020 substitute information did not substantially broaden the original charges set forth in the 2018 informations. See id. The answer to that question is no. Because an affidavit submitted in support of an arrest warrant does not toll the statute of limitations for the uncharged conduct referred to therein, and because the timely filed 2018 informations contain no mention of the conduct charged in count two of the 2020 substitute information, we hold that the Appellate Court incorrectly concluded that the 2020 substitute information did not substantially broaden or amend the timely filed charges.

We begin by setting forth our standard of review. In *State* v. *Littlejohn*, 199 Conn. 631, 639–40, 508 A.2d 1376 (1986), we established that the statute of limitations in a criminal case is "generally considered 'an affirmative defense . . . .' " *State* v. *Ward*, 306 Conn. 698, 706, 52 A.3d 591 (2012), quoting *State* v. *Coleman*, 202 Conn. 86, 90–91, 519 A.2d 1201 (1987); see General Statutes § 53a-12; see also *State* v. *Swebilius*, 325 Conn. 793, 804, 159 A.3d 1099 (2017) (adopting burden shifting framework). Since *Littlejohn*, however, we have backed away from strictly treating a statute of limita-

tions as an affirmative defense, like all affirmative defenses that must be raised or waived; *State* v. *Daren Y.*, 350 Conn. 393, 409–10, 324 A.3d 734 (2024); and, instead, described it as "in the nature of a procedural protection . . . ." Id., 409. We have also noted that, although the statute of limitations is generally considered an affirmative defense, which the defendant must prove by a preponderance of the evidence in the orderly course of a trial, Practice Book § 41-8 (3) provides that a defendant may also raise a statute of limitations defense in a pretrial motion to dismiss. *State* v. *Juan F.*, 344 Conn. 33, 39, 277 A.3d 126 (2022).

It is well settled that, in reviewing a motion to dismiss, "appellate courts exercise plenary review over the trial court's ultimate legal conclusions, even as the facts underlying the decision are reviewed only for clear error." (Internal quotation marks omitted.) Id., 41; see, e.g., id., 35–36, 41, 46 (upholding trial court's denial of defendant's motion to dismiss, reasoning that trial court did not err in finding that defendant had failed to demonstrate his availability during statutory period, and, as matter of law, defendant's motion to dismiss was properly denied). In some cases, when reviewing a motion to dismiss, the court will be presented with a purely legal question because "the expiration of the statute of limitations [will be] dispositive on the face of the complaint, and the defendant [would] not [be] required to establish any facts beyond the date of the offense and the date the charges were initiated." *State* v. *Daren Y.*, supra, 350 Conn. 409. In such cases, including the present case, our review of such a claim is plenary. See, e.g., *State* v. *Juan F.*, supra, 344 Conn. 41; *State* v. *Swebilius*, supra, 325 Conn. 801 n.6.

Statutes of limitations in the criminal context set forth the period within which a criminal prosecution must be commenced against a defendant after a defendant has committed a crime. "At the core of the limita-

tions doctrine is notice to the defendant." *State* v. *Almeda*, 211 Conn. 441, 446, 560 A.2d 389 (1989), citing *United States* v. *Gengo*, 808 F.2d 1, 3 (2d Cir. 1986). Upon the commencement of a prosecution, the statute of limitations is tolled. *State* v. *Crawford*, 202 Conn. 443, 447–51, 521 A.2d 1034 (1987). "A prosecution is commenced either when an indictment is found [or an information filed] . . . ." (Internal quotation marks omitted.) *State* v. *Swebilius*, supra, 325 Conn. 814 n.16; see also *United States* v. *Grady*, 544 F.2d 598, 601 (2d Cir. 1976); *State* v. *Almeda*, supra, 446–47. In addition, an arrest warrant that is issued and executed without unreasonable delay commences a prosecution and tolls the statute of limitations as to the charges for which it was issued.[6] *State* v. *Crawford*, supra, 447–51. Unlike an arrest warrant, an arrest warrant *affidavit* does not commence a criminal prosecution and thus does not toll the statute of limitations for the uncharged conduct referred to therein. See *State* v. *Swebilius*, supra, 814 n.16.

The general rule is that the "prosecution has broad authority to file an amended or substitute information prior to trial" within the limitation period. *State* v. *Golodner*, 305 Conn. 330, 357, 46 A.3d 71 (2012). If the state files a substitute information after the limitation period has passed, the statute of limitations will remain satisfied with respect to substitute charges only if the substitute charges do not substantially broaden or amend the timely charges that initially satisfied the statute of limitations. Id. In *Almeda*, we considered, as a matter of first impression, whether substitute charges in an information filed beyond the limitation period were time barred by the statute of limitations. *State* v. *Almeda*, supra, 211 Conn. 445–46. To answer this

---

[6] In the present case, because the arrest warrant was attached to the 2018 short form information, our focus is on the 2018 short form, 2018 long form, and 2020 substitute informations.

question, we adopted the federal relation back approach, which requires a court to compare the timely charges that initially satisfied the statute of limitations to the substitute charges filed after the limitation period passed. Id., 446–47. This approach, which appears to have originated in the United States Court of Appeals for the Second Circuit, asks whether the substitute charges substantially broaden or amend the timely charges.[7] Id.; see *United States* v. *Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003); *United States* v. *Grady*, supra, 544 F.2d 602. If the court determines that the substitute charges do not substantially broaden or amend the timely charges, the substitute charges relate back and inherit the timeliness of the original charges, meaning that the statute of limitations is satisfied with respect to the substitute charges as well. *United States* v. *Salmonese*, supra, 622.

Recognizing in *Almeda* that the "principal purpose" of the statute of limitations is to "ensure that a defendant receives notice, within a prescribed time, of the

---

[7] At the time *Almeda* was decided, the United States Court of Appeals for the Second Circuit did not explicitly use the phrase "relation back." See, e.g., *United States* v. *Gengo*, supra, 808 F.2d 3; *United States* v. *Grady*, supra, 544 F.2d 601–602. In *United States* v. *Zvi*, 168 F.3d 49, 54 (2d Cir.), cert. denied, 528 U.S. 872, 120 S. Ct. 176, 145 L. Ed. 2d 148 (1999), however, the Second Circuit used the phrase "relation back" when it discussed *Gengo* and *Grady*. The Second Circuit's "relation back" approach appears to have been adopted by every federal circuit court of appeals that has considered this issue. See, e.g., *United States* v. *Ross*, 77 F.3d 1525, 1537 (7th Cir. 1996); *United States* v. *Gomez*, 38 F.3d 1031, 1036 n.8 (8th Cir. 1994); *United States* v. *O'Bryant*, 998 F.2d 21, 23–24 (1st Cir. 1993); *United States* v. *Davis*, 953 F.2d 1482, 1491 (10th Cir.), cert. denied, 504 U.S. 945, 112 S. Ct. 2286, 119 L. Ed. 2d 210 (1992); *United States* v. *Pacheo*, 912 F.2d 297, 304–305 (9th Cir. 1990); *United States* v. *Schmick*, 904 F.2d 936, 940 (5th Cir. 1990), cert. denied sub nom. *Brewer* v. *United States*, 498 U.S. 1067, 111 S. Ct. 782, 112 L. Ed. 2d 845 (1991); *United States* v. *Italiano*, 894 F.2d 1280, 1282–83 (11th Cir.), cert. denied, 498 U.S. 896, 111 S. Ct. 246, 112 L. Ed. 2d 205 (1990); *United States* v. *Saussy*, 802 F.2d 849, 852 (6th Cir. 1986), cert. denied, 480 U.S. 907, 107 S. Ct. 1352, 94 L. Ed. 2d 522 (1987); *United States* v. *Snowden*, 770 F.2d 393, 398 (4th Cir.), cert. denied, 474 U.S. 1011, 106 S. Ct. 540, 88 L. Ed. 2d 470 (1985); *United States* v. *Friedman*, 649 F.2d 199, 204 (3d Cir. 1981).

acts with which he is charged, so that he and his lawyers can assemble the relevant evidence [to prepare a defense] before documents are lost [and] memor[ies] fade," we explained that substitute charges will relate back to the timely charges only if the "facts underlying [the charges in the substitute information] . . . are substantially similar to the facts underlying [the charges in the] timely filed information . . . ." (Internal quotation marks omitted.) *State* v. *Almeda*, supra, 211 Conn. 446. We reasoned that, if the facts underlying the substitute charges are the same, or substantially similar, to the timely filed charges, the timely charges would have notified the defendant of the "factual allegations against which he [would] be required to defend." Id. Consequently, there would be no broadening of the charges because the defendant would not be required "to address any factual allegations" beyond those alleged within the limitation period. Id., 447.

More than twenty years passed before this court addressed this issue again. In *State* v. *Golodner*, supra, 305 Conn. 336, the defendant was arrested after driving his van at two individuals. The state charged the defendant in the original information with reckless endangerment in the second degree as to one individual. Id., 355–56. After the limitation period lapsed, the state filed a substitute information charging the defendant with an additional charge of reckless endangerment in the second degree as to the second individual who was involved in the same incident. Id. This court concluded that, although the events occurred at the same place and time, the new charge substantially broadened the timely charges in the original information because it related to a different victim and the defendant did not have any notice that he was accused of an offense related to that victim. Id., 358–59. In setting forth the legal standard, we underscored, as in *Almeda*, that notice is the "touchstone" of the analysis in determining

whether a substitute information substantially broadens or amends the timely charges. (Internal quotation marks omitted.) Id., 357–58. We added, however, that there are four factors that can assist a court in making this determination. Id., 358. They ask whether the substitute information (1) alleges violations of a different statute, (2) contains different elements, (3) relies on different evidence, or (4) exposes the defendant to a potentially greater sentence. Id. These factors originated in *United States* v. *Zvi*, 168 F.3d 49, 54–55 (2d Cir.), cert. denied, 528 U.S. 872, 120 S. Ct. 176, 145 L. Ed. 2d 148 (1999), and were identified in *United States* v. *Salmonese*, supra, 352 F.3d 622, as factors (*Salmonese* factors) that can be considered when determining whether a superseding indictment substantially broadens or amends the timely filed charges that satisfied the statute of limitations.[8]

Despite recognizing in *Golodner* that these four factors may assist a court, we did not rely on them in concluding that the additional reckless endangerment charge substantially broadened or amended the timely charges and, therefore, was barred by the applicable statute of limitations. See *State* v. *Golodner*, supra, 305 Conn. 358–59. Instead, we focused on the central question of notice and determined that the additional reckless endangerment charge was untimely because, although the events occurred at the same place and time, the new charge related to a different victim and the defendant did not have any notice that he was accused of an offense related to that victim. See id.

Subsequent to *Golodner* and the enumeration of the *Salmonese* factors, numerous courts have used those

---

[8] The superseding indictments in both *Zvi* and *Salmonese* alleged long-term conspiracies with multiple objects, transactions, and events, making the relation back inquiry complicated and the factors useful. See *United States* v. *Salmonese*, supra, 352 F.3d 622; *United States* v. *Zvi*, supra, 168 F.3d 53–55.

factors as a starting point for determining whether a substitute information filed beyond the limitation period substantially broadens or amends the timely filed charges, resulting in a mechanical application of them. Nothing in *Golodner*, however, was intended to alter or change the core inquiry at the heart of *Almeda*, that is, whether the factual allegations underlying the substitute charges are the same, or substantially similar, to the factual allegations underlying the timely charges, such that the timely charges provide notice to the defendant of the facts that he would have to defend against at trial. See *State* v. *Almeda*, supra, 211 Conn. 446–47. In some cases, without even considering the *Salmonese* factors, it will be clear that the substitute charge implicates substantially different facts than those implicated in the timely charge because the substitute charge is based on conduct that occurred at different times, on different dates, or in different locations. In other cases, it may be more difficult to determine whether a substitute charge relies on different facts those relied on in connection with the timely charge. In such cases, a court should consider the *Salmonese* factors to help determine whether the substitute charge relates back to the timely filed charge.[9]

---

[9] The Appellate Court's decision in *State* v. *Mosback*, 159 Conn. App. 137, 154, 121 A.3d 759 (2015), provides a helpful example when, in addition to considering the third *Salmonese* factor (evidence), it may also be appropriate to consider the first and second factors (statutes and elements) to determine whether the substitute charge relies on different evidence or facts. In *Mosback*, the court considered whether the substitute information, which added a charge of reckless driving in violation of General Statutes § 14-222, broadened the timely information that alleged operating a motor vehicle under the influence of alcohol in violation of General Statutes § 14-227a. Id., 142–43. Although both charges arose from a single event, this did not end the inquiry. Id., 156–58. The court compared the statutes and elements of the timely filed and new charges and determined that the factual allegations relevant to proving the new charge were not different from those relevant to proving the timely charge. Id., 158. As a result, the court concluded that the new charge did not substantially broaden or amend the timely filed charge because the defendant was not asked to address any factual allegations beyond those alleged within the limitation period. Id., 155–58.

With these legal principles in mind, we turn to the defendant's claim on appeal. The defendant claims that count two of the 2020 substitute information, which charged the defendant with committing aggravated sexual assault in the first degree on or about January 1, 2014, at a particular address on North Bishop Avenue in Bridgeport, substantially broadened or amended the timely charges, which charged the defendant with committing aggravated sexual assault in the first degree on or about July 22, 2017, at or near a particular address on Beechwood Avenue in Bridgeport. The defendant claims that, even though the arrest warrant affidavit included facts related to the 2014 conduct alleged in count two, the affidavit did not provide him with notice that he would face charges related to such conduct. Therefore, the defendant contends, because he was not notified that he was being charged with the 2014 conduct until the 2020 substitute information was filed, more than five years after the alleged offense occurred, count two is time barred.

The state, relying on *State* v. *Mosback*, 159 Conn. App. 137, 154, 121 A.3d 759 (2015), argues that the Appellate Court properly upheld the trial court's decision because "[a]llegations detailed in an arrest warrant affidavit [in addition to a timely filed information] can provide [a defendant with] notice of potential charges that are not filed from the outset" for the purposes of satisfying the statute of limitations. The state contends that count two did not broaden or amend the timely charges because the defendant "received the arrest warrant affidavit in February, 2018," within five years of the alleged offense and, therefore, "was well aware of his exposure to [the] 2014 [conduct]."

Applying the legal framework set forth in the preceding paragraphs reveals that count two of the 2020 substitute information substantially broadened or amended

the timely charges.[10] The defendant received notice within the limitation period through the timely filed 2018 short form and long form informations that he would be called on to defend against a charge of aggravated sexual assault in the first degree that allegedly occurred on July 22, 2017, at or near a particular address on Beechwood Avenue in Bridgeport. The timely filed informations contain no mention of an alleged aggravated sexual assault that occurred on January 1, 2014, more than three years earlier, at a particular address on North Bishop Avenue. The 2017 conduct charged in the timely filed informations and the 2014 conduct charged in count two of the 2020 substitute information relate to offenses occurring in entirely different years and locations. The arrest warrant affidavit did not toll the statute of limitations for the uncharged 2014 conduct contained therein. Although the uncharged 2014 conduct referred to in the arrest warrant affidavit may have provided the defendant with notice that the state may seek to introduce such conduct as uncharged misconduct evidence under § 4-5 of the Connecticut Code of Evidence, the defendant did not receive notice within the applicable statute of limitations that he would be called on to defend against that conduct as a charged offense. It cannot be assumed that a defendant prepares to defend against evidence of uncharged misconduct to the same extent as evidence relating to a charged offense. See, e.g., *United States* v. *Ratcliff*, 245 F.3d 1246, 1255 (11th Cir. 2001) ("[i]t is one thing to be faced with evidence of criminal activity for which one cannot be convicted, and quite another to face conviction and punishment for that activity").

---

[10] The parties' arguments assume that this court will apply the *Salmonese* factors. But our review of the short form and substitute informations readily answers the question of whether the factual allegations underlying the charge relating to the 2014 conduct are the same as, or substantially similar to, the factual allegations underlying the timely charges. We therefore find it unnecessary to consider the *Salmonese* factors in the present case.

Moreover, although the state relies on the Appellate Court's decision in *Mosback* for the proposition that conduct referred to in an arrest warrant affidavit can provide sufficient notice of potential charges, its reliance on *Mosback* is misplaced. The court in that case simply looked to the affidavit to provide greater detail about the underlying facts of the *timely filed charge* of operating a motor vehicle under the influence of alcohol in violation of General Statutes § 14-227a and concluded that the new charge of reckless driving in violation of General Statutes § 14-222 arose from the same event and that the evidence required to prove the additional charge involved the same specific factual allegations that could have been used to prove the timely charge. *State* v. *Mosback*, supra, 159 Conn. App. 155–58. It did not consider the arrest warrant affidavit to have tolled the statute of limitations for any uncharged conduct contained therein. Accordingly, we conclude that count two of the state's 2020 substitute information substantially broadened or amended the timely charges, and, therefore, count two does not relate back to the timely charges, rendering it time barred under § 54-193 (b).

The judgment of the Appellate Court is reversed in part and the case is remanded to that court with direction to reverse the judgment of the trial court as to count two of the February, 2020 substitute information only, to remand the case to the trial court with direction to render a judgment of acquittal on that count, and to resentence the defendant on the remaining counts; the judgment of the Appellate Court is affirmed in all other respects.

In this opinion the other justices concurred.